## INDUSTRIAL COMM. v· BETLEYOUN

Ohio Appeals, 9th Dist, Summit Co

No 1587. Decided March 21, 1929

Mr. Gilbert Bettman, Cincinnati, Mr. R. R. Zurmehly, Lima, and Messrs. D. D. Isham & W. A. Spencer, both of Akron, for Industrial Commission.

Messrs. Smoyer & Smoyer, Akron, for Betleyoun.

WASHBURN, J.

While, in a proper sense, a disease is an injury, and in some states is held to be such under the Workmen's Compensation law, that is not true in Ohio. Here we have two classes of claims that are compensable,—one growing out of ijnury, and the other out of disease; and it is settled in Ohio that the term "injury," as used in the Workmen's Compensation law, does not include occupational diseases or diseases other than occupational diseases. **(Industrial Comm. v. Cross, 104 OS. 561.)**

The present Workmen's Compensation law of Ohio does not classify heart disease as an occupational disease, and therefore in this case claimant's right to compensation depends upon whether he suffered an injury to his heart.

There is no question but that the claimant had an accident, nor that before the accident his heart was at least slightly impaired, nor that within a short time after the accident his heart became seriously diseased.

There being no claim made for compensation for an occupational disease, the claimant is not entitled, under the present

law, to receive compensation in respect to an incapacity primarily caused by a disease and not related in any way to an accident; in other words, under a claim of injury, he is not entitled to compensation for mere impairment of his physical condition resulting from his doing his ordinary work in the ordinary way; but he is not barred merely because his impaired physical condition at the time he suffered the accident rendered him more susceptible to injury than a normally healthy man, nor will he be prevented from recovery because the consequences of the injury received in the accident were aggravated by his physical condition at the time the injury was received.

It being conceded that there was an accident and that claimant had an impaired heart at the time, the real question that the jury had to determine was whether the subsequent disability of claimant was due to the accident or to causes independent thereof.

At the special request of claimant, the court charged the jury before argument as follows:

Plaintiff's special request No. 2.

"If you find that the plaintiff was an employe of the Miller Rubber Company on October 13th, 1924, and while engaged in the ordinary duties of his employment suffered an injury to his his heart which was the immediate cause of his disability, such an injury must be considered by you as one sustained in the course of his employment, and the plaintiff is entitled to the benefits of the compensation law even though prior to and at the time he was suffering from heart disease which probably would have caused his disability in the future."

This charge is confined to the occurence of Oct. 13, 1924, when the claimant admittedly had an accident; and as applied to the issues and evidence in this case, was not erroneous.

At the special request of the claimant, the court also charged the jury before argument as follows:

Plaintiff's special request No. 3.

"If you find that the plaintiff had a pre-existing heart disease, and that as a result of his employment it was accelerated to the point of disability by the muscular exertion required by his employment, not due to the character of the disease acting alone or progressing as it would in normal work, then you will find that the plaintiff suffered an injury in the course of his employment within the meaning of the Workmen's Compensation Act and your verdict must be for the plaintiff for such period of time as you may find the plaintiff was disabled as a result of such injury."

In so charging, the court followed the law established by the courts of Massachusetts, where the Workmen's compensation acts are similar to ours, but where the construction placed upon them is fundamentally different than the Ohio courts give to the Ohio workmen's compensation

acts. In Ohio it is settled that, except for occupational diseases, compensation is awarded only where there is a personal injury "by accident" (**State, ex rel., v. Creamer, 85 OS. 349; Industrial Comm. v. Brown, 92 OS. 309; Industrial Comm. v. Cross, 104 OS. 561; Renkel v. Industrial Comm., 109 OS. 152; Industrial Comm. v. Davis, 119 OS 221, 162 N. E. 796**) while in Massachusetts a personal injury arising from disease without physical impact is compensable under some circumstances (Honora E. Madden's Case, 222 Mass. 487).

We think that said request No. 3 as given, when technically construed, would permit compensation for an injury not connected with an accident, and for that reason it was incorrect; but in view of the entire record in this case, we think it plainly appears that the jury did not so consider and apply the same.

Claimant based his right to compensation entirely upon an injury sustained in a particular accident on a specified day, and it was admitted that such accident occurred and that claimant was injured to some extent therein; and practically all of the evidence introduced related to said accident and its consequences. To the average juror, said request No. 3 is involved and complicated, and its meaning is obscure even to a trained legal mind until close and careful study is made of it; the trial court at the same time and as a part of the charge before argument, plainly and correctly charged the jury in reference to the claim made for an injury resulting from said specific accident, and therefore, as has been said, we think that it plainly appears that the jury was not misled by the vague and uncertain language of said request No. 3.

Furthermore, the general charge of the court, consistent with request No. 2, limited claimant to compensation for injury caused by said accident.

In the general charge the court instructed the jury that the claimant based his claim upon an injury which he alleged that he suffered in the course of his employment on a particular, specified day— "Oct. 13, 1924"—and that the claimant was required to prove by a preponderance of the evidence that he received "an injury in the course of his employment, and that it was received on Oct. 13, 1924," and that if he "became disabled because he had a bad heart, he is not entitled to recover."

From a consideration of the record we are of the opinion that the jury was justified in finding that said disability was caused, in part at least, by said accident of Oct. 13, 1924.

Under all the circumstances, we hold that the error in giving request No. 3 was not prejudicial.

In a case where there is one cause of action made by the peadings and only one issue to be determined by the jury, and the court, before argument, at the instance of the plaintiff, submits two special requests, which are given to the jury, the first of which correctly states the law applicable to said cause of action and said issue, and the other erroneously

states a proposition of law not applicable to said cause of action and said issue, which latter proposition is favorable to the plaintiff but is not inconsistent with the former special request and the jury brings in a general verdict for the plaintiff, and there are no interrogatories submitted and no special finding made by the jury, showing the error to be prejudicial, a reviewing court should not reverse the judgment entered upon said verdict under said circumstances. Especially is this so when it affirmatively appears from the record that the defendant was not prejudiced by the erroneous request given.

Funk, PJ, and Pardee, J, concur.