OHIO PUBLIC SERVICE CO. v PETERS

Ohio Appeals, 9th Dist, Lorain Co.
No. 516. Decided April 30, 1930

F. M. Stevens, Elyria and Cyril J. Maple, Elyria, and Frank E. Stevens, Cleveland, for Public Service Co.

M. C. Harrison, Cleveland, and Cerrizen & Wilson, Cleveland, for Peters.

**PER CURIAM.**

If Forrest Peters suffered a physical injury at the time and place claimed, the jury was fully warranted in finding that it was the proximate cause of his death.

His dependents did not make application to his employer for compensation, but after his employer had failed to pay compensation for his death, they filed an application with the Industrial Commission for an award of compensation for his death.

A hearing was duly had before the commission upon such application, and the commission denied the same, and an appeal from that decision was perfected to the Common Pleas Court of Lorain county, where the cause was tried to a jury, and the jury found in favor of said dependents.

In this error proceeding, it is urged that insomuch as no demand for compensation was made upon the employer by said dependents, the commission was without jurisdiction to pass upon said application, and that as the commission was without juris-diction, the Court of Common Pleas was also without jurisdiction.

Before the commission the claim was made by the employer that no demand for compensation had been made, and at the beginning of the trial in the Common Pleas Court its jurisdiction was challenged and exceptions noted; so we have squarely presented the question of whether or not, in the case of a self-insuring employer, demand for compensation upon such employer is necessary in order that the commission may have jurisdiction upon an application for compensation subsequently filed with it.

The statute provides that any employe, whose employer has elected to pay compensation to his injured, or to the dependents of his killed employee, "may, in the event of the failure of his employer to so pay such compensation * * * file his application with the commission for the purpose of having the amount of such compensation * * * determined."

Considered in connection with other cogent provisions of the workmen's compensation law, we construe the provision above quoted, which gives to the employe the right to file his application with the commission "in the event of the failure of his employer to so pay," to mean that such employe may wait a reasonable time, and if his employer fails to pay, he may file his application with the commission. If he makes a demand upon his employer for compensation and is refused, he may file his application at once, without waiting a reasonable time; but we do not think it was intended by said provision to make the jurisdiction of the commission depend upon a demand for compensation being made upon a self-insuring employer; all that the statute requires is a failure to pay, and that may be shown by proving that no payment was made within a reasonable time, or that a demand was made and refused.

**Tyler Co. v. Rebic, 118 OS. 522.**

It is also urged that the trial court should have directed a verdict in favor of the company for the reason that, as a matter of law, the dependents in this case were not entitled to compensation.

In a case recently decided, we stated the rule to be that—

"2. An 'injury' compensable under the Workmen's Compensation Law (Section 1465-37 et seq., GC.), must be a physical one, accidentally sustained; hence, if a workman's diseased heart is injured in an accident in the course of his employment, he is entitled to compensation; but a workman who has a diseased heart, which, in consequence of the nature of his employment, is gradually impaired so that he eventually becomes disabled, is not entitled to compensation."

**Industrial Comm. v. Betleyoun, 31 O. App. 430.**

See also, **Industrial Comm. v. Polcen, 121 OS. 377.**

We think that under the evidence in this case the question of whether or not Forrest Peters suffered a physical injury which was the cause of his death, or whether his death

was caused by the wearing out of his diseased heart, unconnected with any physical injury received by him, were questions which could not be determined as matters of law, but were required to be submitted to the jury; and we find that in the charge of the court, both in the requests before argument and in the general charge, these questions were fairly submitted to the jury and that its finding in reference thereto is not manifestly against the weight of the evidence.

It is also urged that the court erred in the special charges given to the jury before argument at the request of the dependents, and in refusing to give one proposition of law specially requested by the company, and also that the court erred in the general charge to the jury.

We have examined all of these claims and find no merit in them. On the contrary, we find the charge of the court, both before and after argument, to be, when taken as a whole, exceptionally free from error or just criticism.

FUNK, P.J., PARDEE, J., and WASHBURN, J., concur.