INDUSTRIAL COMMISSION OF OHIO *v.* HOLMAN ET AL.

(Decided September 11, 1931.)

*Mr. R. R. Zurmehly, Mr. C. G. L. Yearick,* prosecuting attorney, and *Mr. Ernest T. Johnson,* for plaintiff in error.

*Mr. A. S. Mitchell* and *Mr. Harold Adams,* for defendants in error.

LEMERT, J. The record in this case shows the following facts:

The deceased, Sam Holman, compensation for whose death defendants in error claim, was in the employ of the Heisey Company, in Newark, Ohio, on July 13, 1928. While at work for the company, the deceased raised up, in lifting an article from the floor at the furnace of the plant, and hit his head on the end of a galvanized pipe. There was a three-fourths inch piece of scalp left on the pipe, and the blood ran down over his face and clothes to the floor. He was taken to a doctor for medical attention. Prior to this injury, the deceased was healthy, strong, and a good steady worker, and made no com-

plaint about his physical condition. After this injury to his head, he constantly complained of pains in his head, and had severe headaches. He would be seen at the plant holding his head in his hands. He had dizzy spells. He would give out at his work, and would have to sit down. He kept losing weight. His condition grew worse and worse until he finally quit work in February, 1929; shortly thereafter he died. He had had difficulty in sleeping, and walked the floor at night. The last three months he complained night and day. When he died he had his hands to his head, and said: "Oh, my head, I can't stand it!" The deceased died February 21, 1929, of cerebral hemorrhage.

In this action, defendant in error Rosetta Holman filed her application for compensation in the state insurance fund on account of the death of her husband, and the proper procedure was had before the State Industrial Commission, but her claim was denied. She filed her petition in the court of common pleas, Licking county, evidence was presented, and the jury returned a verdict in favor of the plaintiff's right to participate in the state insurance fund. It is from this action that error is prosecuted to this court.

It is the contention of the Industrial Commission, the plaintiff in error, that error has intervened in the trial of this case in the following respects:

(1) The court erred in the admission of evidence.

(2) The court should have directed a verdict in favor of the Industrial Commission of Ohio.

(3) The court erred in its charge to the jury.

On the first claimed ground of error, as to the admission of evidence, the plaintiff in error com-

plained that improper questions were asked during the progress of the case, in that counsel for plaintiff below insisted on asking certain questions which used the term "hard blow," etc., and the claim is made that the proper question was not hypothetically made. We find from an examination of the record that this contention is not well taken. The following question was asked Dr. William G. Smith, a medical expert:

"Doctor, assume that on July 13, 1928, while at work Sam Holman, a man of about forty-five years of age, struck his head on a galvanized pipe with such force there was a piece of scalp one half by three fourths inches long left sticking on said pipe, and that blood ran down over his face and clothing to the floor from said injury. Assume that prior to said injury to his head Sam Holman was healthy and strong, a good steady worker, and made no complaint about his physical condition; assume that after said injury to his head he always complained of pain in his head; that he would hold his head in his hands at times; that he had dizzy spells; that he gave out quickly at work; that he would work awhile and then sit down; that he lost weight; that he had difficulty in sleeping at night; that on February 16th he had a blood pressure of 240; that he died February 21st, 1929, and that the attending doctor made an affidavit that the immediate cause of death was cerebral hemorrhage and the remote cause 'flu' and blow on head; in your opinion, doctor, could that injury to his head have hastened his death?"

We believe the above question, gathered from the record in the case, was a proper hypothetical ques-

tion, and that there is no error in this case on the part of the court below in the admission of evidence, as claimed by plaintiff in error.

On the second claimed ground of error, that the court should have directed a verdict in favor of the Industrial Commission of Ohio, we find that the Court of Appeals, in *Industrial Commission* v. *Betleyoun*, 31 Ohio App., 430, 166 N. E., 380, held as follows:

"An 'injury' compensable under the Workmen's Compensation Law (Section 1465-37 et seq., General Code), must be a physical one, accidentally sustained; hence, if a workman's diseased heart is injured in an accident in the course of his employment, he is entitled to compensation * * *."

In a very well-considered case found in *Mitchell* v. *Industrial Commission*, 20 N. P. (N. S.), 569, 29 O. D. (N. P.), 54, it was held:

"Death will be held to have resulted from an injury received during the course of employment, where it is shown that the emaciation and debility which resulted from the injury subjected the decedent to and greatly accelerated the disease from which he died."

In *Ensign* v. *Southern Pacific Co.*, 193 Cal., 311, 223 P., 953, we find evidence that decedent, while loading pipes in a box car, sustained an injury to his back due to the bumping of the car by a switch engine, and that thereafter his health began to fail and he was unable to do any heavy work, and that he consulted several doctors and a professional masseur to obtain relief, and that due to his weakened power of resistance, he became a prey of tuberculosis, which resulted in a rectal abscess, tubercular

in origin, which necessitated an operation, which resulted in his death, which justified the jury in finding a causal connection between the happening of the injury and the decedent's death. And further that if, on account of the weakened condition of a person caused by an injury, he is rendered more susceptible to germs than if he had not been injured, or because of his debilitated condition he is unable to resist the attack of germs present in his system, then the disease resulting from the germ is a natural sequence to his condition resulting from the injury, and the injury is the proximate cause of his death, and the disease is but one of the links in the chain of causation.

We therefore find and hold that the court below properly refused to direct a verdict in favor of the Industrial Commission of Ohio.

As to the third ground of error, to wit, that the court erred in its charge to the jury, we have carefully examined the charge and find that the same is plain, clear, and explicit, and very favorable to the plaintiff in error.

Upon request, the trial court refused to charge the jury as follows:

"Before the plaintiff can recover a verdict you must find by a preponderance of the evidence that the injury Mr. Holman received July 13, 1928, was the proximate cause of his death. If you find that such injury hastened his death, but was not the proximate cause of his death—that is, that there was another and independent cause which intervened, without which other cause Mr. Holman would not have died at the time he did die, then your verdict must be for the defendant."

We find and hold that said request was properly refused for the reason that the facts and the evidence in the case, as shown by the record, did not warrant such a charge.

We, therefore, find and hold that this case was properly tried, that the verdict of the jury was right, and that there is no judicial error herein.

It therefore follows that the judgment of the court will be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.