## HAVILAND v INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist, Franklin Co

No 2893. Decided July 20, 1938

Bernard Murray, Columbus, Wardlaw, Gertner & Armstrong, Columbus, for plaintiff-appellant.

Herbert S. Duffy, Attorney General, Columbus, Ralph J. Bartlett, Prosecuting Attorney, Columbus, Edmund B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The plaintiff, Emma C. Haviland, as widow and sole surviving dependent of Bernard Haviland, filed her application with the Industrial Commission of Ohio for compensation on account of the claimed injury and death of her husband in the course of his employment. The application being disallowed, she then filed her application for rehearing, which, after the taking of testimony, was again disallowed. Within the statutory time she duly filed her petition in the Common Pleas Court. The issues were joined by answer of defendant. The case came on for trial before a jury and at the close of plaintiff's testimony motion by defendant for a directed verdict was granted. Defendant interposed a motion for a new trial within statutory time, and the same being overruled judgment was entered on the verdict. Within twenty days plaintiff filed notice of appeal on questions of law.

Plaintiff's decedent, Bernard Haviland, died on the 15th day of July, 1935, while employed by the City of Columbus, Ohio, in the Refuse Collection Division. He had been working in this division for a period of approximately nine days preceding his death. Previous to that, for a period of several months, he had been working for the city in another division, where his work consisted of taking up bricks from streets, cleaning same and doing general work of that character. The work in the Refuse Department consisted of gathering up refuse, ashes, brush, etc., from the public alleys within the city and loading them into a truck. The loading was accomplished by picking up by hand, shovelling and at times by picking up containers, such as boxes or barrels and dumping the contents into the truck.

On the morning of July 15, 1935, at about 7:40 A. M., while he was engaged in his employment, the decedent dropped over with a heart attack and almost instantly died. From five to ten minutes previously the loaded truck had pulled away for the purpose of conveying the refuse to the dump. The decedent and other employes, after the departure of the truck, stepped to the edge of the alley and were standing there talking, awaiting the return of this truck or another truck to be loaded. A few minutes before this heart attack, variously estimated at from four to ten minutes before, decedent with two other men lifted a barrel filled with refuse to the top of the truck, estimated as being shoulder high, and dumped it therein. The decedent and one other man were on either side of the barrel, and the third man at the rear, or what was designated the tail. It was testified that the two men had greater weight in the lift than the third. When asked as to the weight of the barrel and its contents, one of the men stated that he could not say but afterwards when asked for his judgment, approximated the weight at from 400 to 500 pounds. The third man could not give an estimate as to the weight. Decedent during the lifting of the barrel or following gave no expression from which could be deducted any knowledge on his part of injury.

Evidence was presented disclosing that decedent, either in March or May of this same year, had visited the medical clinic associated with the Ohio State University, and was there examined by Dr. A. S. Conowitz. The doctor testified that the decedent visited the clinic about six times. His complaint was diagnosed as coronary heart disease. Following decedent's attack and immediate death, the coroner of Franklin County was called, and after examination and taking history, he pronounced the cause of death "angina pectoris."

The plaintiff, widow of decedent, testified that the decedent was a strong, healthy man, working all the time when he could get work. She had no knowledge of any heart affliction, although she knew that he had gone to the clinic.

No autopsy was held following the death.

There was no evidence of anything unusual happening in the lifting of the barrel, such as slipping or sudden shifting of weight on the decedent.

In looking back on the work that decedent had been doing immediately before his heart attack, it was concluded that the lifting of this heavy barrel had a causal connection with the subsequent heart affliction and death. This theory is supported in the evidence of both Dr. Smith, coroner, and Dr. Canowitz, the clinic physician.

We are not favored with any opinion of the trial court, but we find that the ground of motion for directed verdict was on defendant's claim that there was no testimony in the record showing that the decedent suffered an injury.

In the reported cases of Ohio courts, this is found to be a very difficult problem in borderline cases. It is very difficult to set down a formula that will meet every situation. Selecting excerpts from reported cases is not helpful. Greater aid is provided by carefully studying the facts in the reported cases, together with the judgment and then comparing with the facts of the case on trial so as to determine whether it falls within the zone of allowance or rejection. It is not enough to merely say that there is a causal connection between some particular phase of the work in which claimant was engaged and his subsequent death, for the reason that the statute specifically requires that there must have been an injury. §1465-68, GC. The Supreme Court has stated that the injury must be accidental.

The courts have also held where the death is caused by the wearing out of a diseased heart, unconnected with any physicial injury received by the decedent, there can be no recovery.

Ohio Public Service Company v Peters, 8 Abs 396; Industrial Commission v Betleyoun, 30 Oh Ap 430.

We have examined the following cited cases, decided by the Supreme Court: Industrial Commission v Franken, 126 Oh St 299; Industrial Commission v Crawford, 126 Oh St 379.

Following out the reasoning under the facts of these cited cases, there is ample support for the judgment of the trial court in instant case.

In the case of Industrial Commission v Luger, 54 Oh Ap 148, decided by our court, we cited and commented upon practically all of the reported cases bearing on the question of injury. It is unnecessary to again repeat what was said in that case. We called attention to what might seem a receding from the rule as laid down in the Franken case and the Crawford case.

Suffice it to say that we have examined every case cited and all others that we could find by reference to annotations and Ohio Digests.

Following the oral argument in our Court we were cited to the case of Industrial Commission v Harney, 30 O. L. R. 559. This was a decision by the Court of Appeals of Stark County, the opinion being released October 17, 1929. The syllabus reads as follows:

"Death of an employee from angina pectoris, due to a heavy strain and exertion in the course of an employment is compensable."

In the statement of facts on page 561 appears the following:

"That on July 22, 1927, at about 9:25 A. M., decedent was pushing the car hereinbefore described and that he complained of pains in his chest and shoulder." (Emphasis ours.)

This expression of pain, coupled with the diagnosis of angina pectoris would present evidence of injury.

In the instant case as heretofore

stated, there was no evidence of expression of pain at the time of the lifting of the barrel of refuse or at any other time, preceding the heart attack and death.

This is a distinguishing element.

After a careful consideration of the record, coupled with such aid as we are able to get from reported cases, we are unable to conclude that plaintiff presented evidence of an injury, and hence we think the trial court was right in directing a verdict.

Judgment may be entered accordingly.

HORNBECK, GEIGER, JJ., concur.

## APPLICATION FOR RE-HEARING

BY THE COURT:

The above-entitled cause is now being determined on Plaintiff-Appellant's application for re-hearing.

The accompanying brief very ably argues the incorrectness of our original finding as contained in the principal opinion.

We find no questions not originally considered, and for that reason, the application for re-hearing must be overruled.

BARNES, PJ, HORNBECK, J., concur.

## APPLICATION TO CERTIFY TO SUPREME COURT

BY THE COURT:

The above entitled cause is now being determined on appellant's application to certify to the Supreme Court of Ohio on the ground of claimed conflict with the judgments pronounced by two other Courts of Appeals of Ohio on the same question.

The claimed conflict is with the following cases: Industrial Commission v Gillard, 41 Oh Ap 297, and Industrial Commission v Harney, 30 O. L. Rep. 559.

In our original opinion we distinguish the case of Commission v Harney, supra, and do not find conflict as claimed.

The Industrial Commission v Gillard, supra, was not cited by counsel in their original briefs nor did we refer to it in our original opinion.

This case was cited on application for re-hearing. In passing on the application for re-hearing we overruled same and held to our original conclusions. We considered then and do now that there is a conflict in our opinion and that in the Gillard case relative to the proper inference to be drawn from the factual questions when considered in the most favorable light to claimant.

In view of the fact that the trial court in the instant case directed a verdict it would be our obligation upon review to consider the factual questions in the most favorable light to claimant.

In the past it has been our practice on applications to certify on the ground of conflict not to order certification where it clearly appears that the Supreme Court of Ohio has decided the principle contrary to that announced in the claimed conflicting Court of Appeals judgment. The judgment of the Supreme Court in the following two cases, Industrial Commission v Franken, 126 Oh St 299, and Industrial Commission v Crawford, 126 Oh St 379, is at variance with the judgment of the Court of Appeals in the Gillard case, supra, while our opinion is in line with the principles announced in these two cases. But for subsequent decisions by the Supreme Court and the Courts of Appeals of other districts we would unhesitatingly decline to certify as being in conflict on the ground that the Supreme Court has decided the question. Subsequent to the Franken case, supra, and the Crawford case, supra, the Supreme Court had decided the cases of Spicer Manufacturing Company v Tucker, 127 Oh St 421, and Industrial Commission v Bartholome, 128 Oh St 13. Some able lawyers as well as jurists think they see a possible inferential overruling of the announcement made in the Franken and Crawford cases. This is pointed out at length in the case of Industrial Commission v Luger, 54 Oh Ap 148.

· Without repeating the analysis therein made we adopt by reference that opinion as applicable to the instant case.

In view of this situation we have concluded to order a certification with the hope that the Supreme Court in passing on the instant case will clarify some of the questions that are bothering the Bench and Bar.

· Entry of certification may be drawn and presented.

BARNES, PJ., HORNBECK and GEIGER, JJ, concur.