By the Court.
 

 The record discloses that the defendant in error was employed at the Strand Theatre in Cincinnati as an operator of moving picture machines; that the machines were operated by electric light of great intensity and brilliancy, throwing the most powerful ultra-violet light rays, at and through which Russell was compelled at all times to look, that during the latter part of the year 1918 he noticed that his eyesight, in both eyes, was becoming affected by such light; that after January 25, 1919, he left his occupation and received treatment for his failing vision, and on or about the 28th of January, 1920, lost the sight of both eyes, the same being diagnosed as optic atrophy, which it is claimed is an incurable disease and a distraction of the optic nerve; mid that the same was due and caused by the prolonged action of ultra-violet light or rays coming from a silver-tipped carbon point used in moving picture ma
 
 *693
 
 chines, which he was required to look at almost continuously.
 

 Upon application to the Industrial Commission his claim was rejected on the ground that his disability was not the result of an injury sustained in the course of or arising out of his employment, within the meaning of the Compensation Act.
 

 An appeal was prosecuted to the court of common pleas of Hamilton county, and to the petition filed therein a demurrer was interposed, which was sustained by the court of common pleas. Error was prosecuted to the Court of Appeals and resulted in a reversal by that court of the judgment of the court of common pleas.
 

 The question presented for determination is, therefore, whether or not the petition sets up sufficient allegations upon which to base a claim for compensation, under the provisions of the Workmen’s Compensation Law of Ohio (General Code, Sections 1465-S7 to 1465-108).
 

 This injury occurred before the enactment by the Legislature of the statute providing for compensation for occupational diseases contracted in the course of employment, even if under the facts of this case the same came within the purview thereof.
 

 It has been held by this court in the case of
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283, that diseases contracted in the course of employment not occasioned by or result of physical injury are not compensable as injuries under Section 1465-68, General Code.
 

 The term “accident” has heretofore been defined in this state in
 
 Industrial Commission
 
 v.
 
 Roth,
 
 
 *694
 
 98 Ohio St., 34, at page 40, 120 N. E., 172, 174 (6 A. L. R., 1463), as follows:
 

 “Ají accident is some happening that occurs by chance, unexpectedly, and not in the usual course of events. It is something that might possibly be prevented by the exercise of due care and caution.”
 

 In
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834, it was held:
 

 “Diseases 'contracted in the course of employment, and not occasioned by or the result of a physical injury, are not compensable as ‘injuries’ under Section 1465-68, General Code.”
 

 A majority of the- court are of opinion that, construing the petition most favorably to the pleader, there are not facts sufficiently set forth therein to bring the case within the' terms of the Compensation Act; that no “injury,” as contained in the statute and construed by this court, is shown to have taken place. There seems not to have been an accidental occupational disease, and it is conceded that there was no traumatic injury, or any accident, which caused this unfortunate condition, but rather the prolonged action of ultraviolet rays coming from a silver-tipped carbon point, which by slow, but sure, process injured the optic nerve and resulted in optic atrophy.
 

 In the state- of the law at the time of the commission of these acts, sufficient was not contained within the statutory enactment to enable the commission to grant this relief, though we reach this determination most reluctantly.
 

 The conclusion, therefore, of the majority is that the commission and the common pleas court were right in their decision, and that the Court
 
 *695
 
 of Appeals ,erred in reversing the same. The judgment of the Court of Appeals is, therefore, reversed.
 

 Judgmenti reversed.
 

 Marshall, C. J., Bobinson, Jones, Matthias, and Day, JJ., concur.
 

 Allen and Conn, JJ., dissent.