Allen, J.
 

 This case was instituted as an application on behalf of John Polcen to participate in the industrial insurance fund, which application was de
 
 *378
 
 nied by the Industrial Commission upon the ground that it had no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed. Polcen had been employed in the sulphuric department of the General Chemical Company, of Cleveland, Ohio, for a period of ten years. He claimed to have been ruptured upon April 23, 1926, by a violent coughing spell ocasioned by the emission of sulphuric fumes into the atmosphere of the factory. Polcen had had a rupture on the right side for some sixteen years prior to April 23, 1926. The rupture in question, for which he made application, was a left inguinal hernia. Application for compensation was duly filed by Polcen, and disallowed by the Industrial Commission, and, upon rehearing, the commission reaffirmed its original decision. Upon appeal being instituted, a judgment was rendered for Polcen in the common pleas court, which judgment was affirmed by the Court of Appeals.
 

 The plaintiff in error, the Industrial Commission, claims that under the facts of the record there is no evidence that Polcen sustained an injury which is compensable under the provisions of the Workmen’s Compensation Act and also that the court improperly instructed the jury as to the law involved in the case.
 

 Did the evidence, as a matter of law, establish that the claimant had received an injury compensable under the provisions of the Workmen’s Compensation Act?
 

 The testimony of Polcen with reference to the so-called injury is as follows: “Well,* * * when I went down to work I was all right, I had no pain
 
 *379
 
 of any kind that I know of. We worked all day on the job until between three and three-thirty. It was gassy all day on the job, and I done a lot of coughing that day, but about three-thirty or so I was overcome with gas and I went outside and I almost strangled from coughing; I got a little pain but I didn’t think it was as bad as it was. I was outside about half an hour I judge, and then went back in; I had the pain but I didn’t pay much attention to it as we often get to coughing down there; that same evening I told the wife about it. The next morning I had the same pain. It was Saturday] and I put in a half day, and coming back home I just made it and went home and washed up and went to my doctor, and he told me I was ruptured, he told me to go to the company doctor and I did on Monday. He examined me and told me I was ruptured. ’ ’
 

 The medical testimony showed that Polcen had an open ring at the time of the rupture.
 

 Polcen further testified that there was no extraordinary rush of gas -at the particular time when he “almost strangled from coughing” and other witnesses testified that there was nothing special in the amount of gas or in the conditions at that time, stating that they “coughed all the time,” that “everybody coughs in the chemical works.” It is the contention of counsel for the Industrial Commission that this situation discloses nothing of the nature of an accident; in other words, that, if the hernia was caused by the coughing, it was the continuous condition of sulphuric fumes which occasioned the hernia, and not any peculiar condition which existed upon the particular day in question. Counsel for the commission concede that the cough
 
 *380
 
 ing spell upon April 23, 1926, may have constituted the final strain which caused the hernia, but claim that, since the emission of sulphuric fumes into the factory was not extraordinary, no injury resulted.
 

 However, the evidence does show that the coughing upon that day was extraordinary. As Polcen says, “about three-thirty or so I was overcome with gas and I went outside and I almost strangled from coughing.” Simultaneously with the coughing, he felt a pain in his abdomen, and, upon the continuance of that pain, his physician reported that one of his abdominal rings had been severed and had caused the intestines to descend through the abdominal wall. The evidence tends to show that this particular coughing spell upon this particular day caused the specific injury. The jury so found. It was not a continuous condition, but a particular condition, which induced the hernia. This court has held that an accident is a happening which occurs by chance, unexpectedly, not in the usual course of events.
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463. Certainly the sustaining of an inguinal hernia, due to a coughing fit, is not a usual and customary incident to the occupation in which Polcen was engaged. If Polcen had fallen, and from-the fall a hernia had resulted, this would have constituted an injury incurred in the course of employment. "We see no essential difference in the case at bar.
 

 The case is hence entirely distinguishable from those cited by the plaintiff in error. It does not involve, as did
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283, the case of a contracted
 
 *381
 
 disease. The hernia does not result, as the tuberculosis resulted in the case of
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834, from long-continued work under conditions and circumstances calculated to develop the illness in question. The hernia was not caused by the prolonged action of sulphuric fumes, and hence the case is differentiated from that of
 
 Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305, in which there was no traumatic injury, but rather the prolonged action of certain ultra-violet rays, which resulted in optic atrophy. In the
 
 Cross
 
 and
 
 Renkel cases,
 
 the element of trauma was entirely lacking; while here we have presented a specific emission of fumes, which resulted in the specific coughing fit, accompanied by a tearing of the abdominal tissues at about that specific time. This constitutes an injury compensable under the Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 General Code).
 

 The facts in this record fall within the principles laid down in
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R, 1463, where there was an accidental and unforeseen inhaling of a specific volatile poison or gas by an employee in the course of his employment.
 

 The instruction complained of is as follows: “Now, if this man, while in the course of his employment, by virtue of his employment, acquired a coughing spell and if, as a consequence of this coughing spell, a rupture occurred, while he was engaged in his employment, working for his employer, and as a consequence of this rupture caused by this coughing spell he was hurt and injured, he would be entitled to recover at your hands. On the other
 
 *382
 
 hand, if this plaintiff had this rupture before, and if this coughing spell was not caused, if he had a coughing spell, but this coughing spell came about not because of his employment, but through other, natural causes — in other words, if the fact of his employment had nothing whatever to do with the injury, he would not be entitled to recover at . your hands. * * * I say that if the plaintiff received the injuries while in the course of and arising out of his employment which resulted in the disability complained of, he would be entitled to recover in this case. On the other hand, if it be a fact that he received injuries not in the course of his employment, or arising out of his employment, or that he is disabled because of injuries which he did not receive in the course of his employment, or which did not arise out of his employment, then he would not be entitled to recover in this case. ’ ’
 

 In view of the foregoing holding that a specific coughing spell which induces a rupture does cause an injury, we find the instruction of the court unobjectionable. The judgment will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson and Day, JJ., concur.