## ROSICHAN et v HOOSE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1010.   Decided Jan 10, 1931

Marshall & Harlan, Dayton, for Hoose.
I. L. Jacobson, Dayton, for Rosichan.

ALLREAD, J.

The first question that necessarily arises is as to the finding of the Court of Common Pleas in respect to the cause of death. There is a written finding of facts in which the trial court found that:

"The court finds that he (decedent) died as a result of a fracture of the skull with cerebral hemorrhage. The court does not find that there is any credible evidence in the record as to what caused the fall. There is some evidence introduced by defendants to the effect that prior to the date of the accident John Coleman may have had some heart trouble, but there is nothing in the record on which the court could base a finding that his fall was occasioned by heart trouble. The court finds that the conditions of John Coleman's employment required him to assume a position standing on bales of paper with his feet 8 feet from the ground; that from the nature of the bales and the height from the ground his employment occasioned certain necessary hazards; that the work done by John Coleman on the morning of the accident was of such a nature as to be a possible contributing factor in causing a failure of his heart action, if that condition were found to exist."

Taking these findings as a whole upon the subject of the cause of death we cannot escape the view that death must have resulted from the employment and as a result thereof. A number of cases have been cited tending to prove that where death results from a constitutional disease such as heart failure and where the same is in no way connected with the employment the injury is noncompensable. A number of cases in the Supreme Court have been decided to that effect. **Renkel v Industrial Commission, 109 Oh St 152; Industrial Commission v Russell, 111 Oh St 692; Industrial Commission v Davis, 119 Oh St 796.**

On the contrary it has been held in perhaps an equal number of cases that where the death is occasioned by some disease which is some way connected with and is aggravated by the employment it is entirely immaterial that the decedent may have suffered and the death may have to some extent resulted from a disease known as heart trouble. In the case of **Industrial Commission v Polsen 121 Oh St, 377,** the death was immediately due to a hernia. This disease was occasioned by the inhalation of sulphuric fumes in the factory and the hernia resulted from a violent fit of coughing induced by the sulphuric fumes. It was held that this sufficiently connected the occupation with the disease from which the decedent died.

In the early case of **Industrial Commission v Roth, 98 Oh St, 38,** there was an accidental and unforseen inhaling of a specific volatile poison or gas by an employee in the course of his employment. It was there held that the accidental inhaling of the poisonous gas was incidental to the occupation and was compensable. It is clear that the facts in this case are to an extent circumstantial. **Burkhardt v Industrial Commission 22 Oh St, 420.** In the first place,

the decedent may have had what is known as an incipient stage of heart trouble but we think the evidence as to heart trouble did not justify the finding that it was exclusively the cause of death. In fact, the testimony of the family physician, Dr. Mark Pardee, "that prior to the time of the accident John Coleman was in a normally healthy condition" would negative the fact that John Coleman must have died exclusively of heart trouble. There is a conflict of testimony in the record on this subject. While it is true that certain of his employers testified that Coleman died of heart trouble and also Dr. Weinbert and Dr. Lindenfeld testified that upon their examination of the decedent while in the St. Elizabeth Hospital that they noticed such an advanced stage of heart trouble as to leave the inference that he must have died of that disease. On the contrary the testimony of Dr. Ryan, an eminent surgeon, who was at the Hospital when Coleman was brought in and who examined him at different times not only testifies that he noticed no symptoms of heart trouble but says that he must have died as the result of a fall. Also Dr. Edgar A. Shirk, who examined him at the hospital, supports Dr. Ryan. We think the evidence is sufficient to justify the findings of fact of the trial court and we can find nothing in the evidence that would justify us in holding that the finding of fact of the trial judge are contrary to the evidence or the manifest weight thereof.

Judgment affirmed.

KUNKLE, PJ, and HORNBECK, J, concur.