By the Court
 

 (Allen, J.).
 

 The defendant in error, Stanley Weimer, applied to the Industrial Commission for compensation for an alleged injury sustained in the course of his employment. The Industrial Commission denied compensation. Upon appeal to the court of common pleas of Summit county, that court directed a verdict in favor of the Industrial Commission. The judgment entered on this verdict was reversed by the Court of Appeals of Summit county upon the ground that the court erred in directing a verdict, and that “the cause ought to have been submitted to the jury upon the evidence.” The case comes into this court upon allowance of motion to certify the record.
 

 The record tends to show the following facts: Weimer was engaged as an upholsterer, working for the C. H. Yeager Company in its repair department. As
 
 a
 
 part of his employment it was his task to recover various articles of furniture, and as stated by the claimant in his petition, “while so engaged in his work it was necessary to use the first two fingers of
 
 *51
 
 his left hand to pull the leather into position and hold the same while it was being fastened with nails or tacks. That this work caused the skin on these two fingers to become thin, injured and abrased, causing said fingers to bleed; that said two fingers from said injuries became infected,” etc.
 

 Weimer contracted two felons upon his fingers in the month of August, 1928. He testified that he did not during that month break the skin upon his fingers, nor have it cut or pricked on the work there, to his knowledge. He further testified that in pulling covers for the purpose of recovering furniture “your fingers will become dry and you can’t get a good, firm grip on your material, therefore you' are going like that (indicating wetting tips of fingers on lips or tongue) and I think that constant wetting the fingers to keep them moist is what makes the fingers sore.” The week previous to his contracting the felons, Weimer had repaired several rockers with upholstered seats and leather covering.
 

 One of the doctors who attended Weimer stated that he treated Weimer for “an infection” of the first and second fingers of the left hand. This physician stated that there was no “mark, cut, marked puncture wound that you could see at that time,” but that the “distal phalanx of both fingers were very much swollen, inflamed and tender to pressure.” He said that the condition of Weimer’s fingers could be caused by rubbing over material, and likened the condition to hitting one’s finger with a hammer or driving a tack into one’s finger.
 

 A second physician who examined Weimer, in answer to a question as to whether upholstering could cause such a condition, answered:
 

 
 *52
 
 “I feel that it could, a constant irritation of the finger together with even the slightest abrasion of the skin would make it very possible to set up a deep seated infection, in view of the fact that the anatomy of the fingers whereby the sepsis run directly deep to the periosteum and deep to the bone. In fact all these infections we get in the fingers are set up by infection getting in through the skin plus a trauma or very little trauma, as far as that goes. A constant irritation in pulling cloth it would seem to me very probable. If it had been one finger possibly — I think the fact that it is two fingers rather than one rules out the ordinary so-called felon as we speak of. Of course that is what these were, felons on both fingers. But you don’t see a man getting a felon on both fingers without a definite reason for both fingers to be involved.”
 

 This physician said Weimer had a “deep seated infection.”
 

 It is the contention of the Industrial Commission that the claimant’s condition came on gradually, that there is no evidence whatever of any injury or any accident, and therefore no basis for compensation under the Workmen’s Compensation Act. It was upon this ground that the trial count directed the verdict for the Industrial Commission.
 

 This court has repeatedly ruled upon the question of the need of establishing physical injury or trauma in order to recover under the Workmen’s Compensation Act, holding that the term “injury” as used in Section 1465-68, General Code, does not include diseases which are contracted as distinguished from diseases which are occasioned by or follow as a re-' suit from physical injury.-
 
 Renkel
 
 v.
 
 Industrial
 
 
 *53
 

 Commission,
 
 109 Ohio St., 152, 141 N. E., 834;
 
 Industrial Commission
 
 v.
 
 Polcen,
 
 121 Ohio St., 377, 169 N. E., 305. However, in this case there was some evidence of injury sustained by Weimer, in that the skin became worn down with the work of upholstering, and thus ultimately suffered small lacerations through which infection entered. Undoubtedly if there were in the record evidence of a cut or definite abrasion of the skin, this would constitute an injury. The testimony of the doctor that the constant irritation of the finger, together with even the slightest abrasion of the skin, or infection getting in through the skin, plus trauma or very little trauma, would cause such an infection, constituted some evidence to the effect that trauma must have been present to produce the result. Since the doctor testified that conditions of that sort are caused only by infection plus trauma, and since he stated that there must have been an abrasion of the skin to produce this particular result, and since the uncontradicted evidence shows presence of the infection described, there was evidence in the record requiring submission of the case to the jury. The infinitesimal character of the abrasion does not change its character. If it exists it constitutes an injury.
 

 Judgment affirmed.
 

 Mabshaxx,, C, J., Day and Bobihson, JJ., concur.