By the Court
 

 (Kinkade, J.).
 

 John Gejewski filed
 

 an application with the Industrial Commission, seek
 
 *614
 
 ing compensation for an injury claimed to have been sustained in the course of his employment. The commission rejected the claim for want of jurisdiction, arising out of the fact that the injury complained of was not sustained in the course of employment. Application for rehearing was filed and allowed, and thereupon a referee was designated by the commission to take and report the evidence. Upon the coming in of the evidence, a rehearing was had upon which the commission adhered to its first conclusion, and again rejected the claim for the same reason.
 

 The injury complained of in the case was the loss of the sight of both eyes. Gejewski was employed in a foundry, and his duties consisted in removing castings from the mold in which the castings had been made. In taking these castings out of the molds, gas and smoke arose in the molding room, and it was claimed by Gejewski that the smoke and gas so arising caused an injury to his eyes that resulted finally in the loss of his sight.
 

 This court has decided five cases embracing questions somewhat akin to the question involved here; that is to say,
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463;
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283;
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834;
 
 Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305, and
 
 Industrial Commission
 
 v.
 
 Polcen,
 
 121 Ohio St., 377, 169 N. E., 305, the case of
 
 Industrial Commission
 
 v.
 
 Russell
 
 being nearest in principle to the instant case.
 

 
 *615
 
 The trouble with this case is in the facts. Gejewski went to work in the foundry some time in March, and ceased to work there on the third day of November of the same year. He states that about three days, after he began work the gas, smoke and steam arising from the general course of the work in the room where he and others were employed resulted in a smarting of the eyes that necessitated some temporary treatment at the factory to allay the inflammation. He testified that soon after that he began to notice a failing of his sight, which increased until about the time he quit the foundry, for the reason, that his impaired vision made it impossible to go forward with his work.
 

 We have examined all of the evidence submitted to the commission, and we fail to find any evidence tending to show that the condition of which Gejewski complains was the result of any injury received at the foundry. The record seems to establish very clearly that the difficulty arose wholly from a cataract in each eye. The cause of the cataracts seemed not to be definitely known to the physicians who testified on the subject. They name many causes that might account for the cataracts, and offer as their judgment that these cataracts were of the senile class, that had been some considerable time in developing. Gejewski informed one of the physicians that made the examination that he had had trouble with his eyes for a year or more prior to the examination. He finally had one of his eyes operated upon, which resulted in the removal of the entire eyeball.
 

 There was no evidence offered before the commis
 
 *616
 
 sion tending to show that anything connected with the duties of the claimant caused the cataracts that developed in his eyes; the cataracts were the sole cause of his loss of vision. The action of the commission in denying the award was correct. The judgment of the Court of Appeals will be reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Stephenson, JJ., concur.