## NELSON v INDUST COMM

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 20, 1932

John F. Cholley, Canton, for plaintiff in error.

R. R. Zurmehly, Columbus, for defendant in error.

SHERICK, J.

We have not been directed to, nor are we able to find, a like situation developed in any reported Ohio decision. However, the case of **Grabler Mfg. Co. v Wrobel, 125 Oh St, 265,** 181 NE, 97, gives us our premise to the theory of the law, as we see it, applicable to a solution of the question presented by the facts in this case.

The claimant in that case was found dead upon a sand pile where he had apparently fallen. There was no evidence that any injury had in fact been occasioned to Wrobel in the course of his employment. Therein the Wrobel case differs from the case at bar. In that case, in the course of the court's opinion holding that a directed verdict was proper therein, it is said: "As pointed out in the opinion in **Industrial Commission v Weigandt, 102 Oh St, 1,** 130 NE, 38, the Legislature would not have power to make any broader provision than the Constitution of the state authorized it to make, and the language there (**Article II, §35**) used in authorizing the payment of compensation is 'for death, injuries or occupational disease, occasioned in the course of such workmen's employment. * * *'. It was held in that case that it is essential that the employment have 'some causal connection * * * with the injury, either through its activities, its conditions, or its environments.' Hence, to entitle the claimant to an award of compensation the burden rests upon the claimant for an award for death of an employe to produce evidence not merely of the fact of the death of the employe, while engaged in the employment, but to produce evidence of an injury, that such injury was sustained by the decedent while in the course of his employment, and that the injury arose out of a hazard of the business or service in which he was engaged."

The last two lines of the above are the crux of the difficulty we now encounter.

The Industrial Commission holds that the plaintiff's epileptic fit was the proximate cause of the claimant's injury, and that he was therefore not injured in the course of his employment. It is further asserted by the commission that the authorities pointed out by plaintiff pertain to an injury sustained by an employe, when he fell from a scaffold, ladder or stair by reason of a fit or vertigo. In such instances it is conceded there is an extra hazard created by the employment, and that the employe in such case may recover.

We do not propose to mention or discuss the numerous authorities cited by plaintiff, for we are content with the logic and soundness of three authorities. We direct attention to In re Connelly v Samaritan Hospital, 259 N. Y., 137, 181 NE, 76; Dow's case, 231 Mass., 248, 121 NE, 19, and Gonier v Chase Companies, Inc., 97 Conn., 46, 115 A., 677, 19 A.L.R., 83.

In the last-named case it is held: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed."

And in that case it was further said: "The injury is the result of a risk involved in or connected with the employment, when there is present in the circumstances of the accident some causal connection between the employment, or the conditions under which it is required to be performed, and the injury. * * *

"Whether his physical condition had been idiopathic, or due to his own fault, or to something that had occurred while he was outside the course of his employment, if by reason of it he fell and injured himself, the proximate cause of the injury in each case was the fall, and of the fall, the physical condition."

In arriving at these conclusions, the court found the maxim of Lord Bacon to be helpful: "It were infinite for the law to consider the causes of causes, and their impulsions one of another; therefore it contenteth itself with the immediate cause, and judgeth the act by that, without looking at any further degree.' And this has been the underlying principle of our decisions in enforcing liability for torts."

Now in the case before us the query arises, Was the rounded corner of the base of this machine, of which it was a part, an extra and greater hazard in his employment, and did it have some causal connection with decedent's injury? We think it did. It was a part of the machine upon or at which he worked. It occupied space in his working area. It restricted his movement, and was something of which he must

take cognizance. It was a part of the environment in which he labored. It increased the hazard of the environment in which the employe labored, and this seems self-evident by reason of the fact that the decedent's head struck the corner of the base, which caused the injury. Had it not been there, the plaintiff's husband might have fallen on the floor, and, not striking any protruding object, perhaps the injury would not have occurred.

The New York case cited presents a situation where a laundry worker fell as a result of heart trouble, and in falling struck a table which was a part of the laundry's equipment. She was injured thereby. The court there, after stating that a compensable injury must be a natural incident of the work and a risk connected with the employment, proceeded to say: " 'It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except from the employment'. * * *. Thus where the primary cause of the accident must be eliminated because it has no relation to the employment, the inquiry proceeds to possible cooperating causes which produced the injury. The test is the same. If, except for the employment, the fall though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. The employment has subjected the workman to a special danger which in fact resulted in injury."

And in conclusion that court further made remark that is pertinent to the circumstances of the matter before this court, and we adopt it without reservation. It is as follows: "The claimant was subject at all times and places to injury by a fall which might result in concussion, upon a hard surface. The hazard that in a fall she might incur injury, by striking against the table near which she was working at the time of the fall, attached to the place of employment. To that potential danger only those in that place were subject, and thus her employment called her into a zone of special danger. The potential danger of injury from a fall at some other place might have been no less. It was not the same. Though there is danger of injury, from some combination of conditions, at all times and at all places, the potential danger that any particular combination will arise and cause injury is limited both in time and space, and within those limits there is a zone of special danger from that source. Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment."

Considering now Dow's Case, 231 Mass., 348, 121 NE, 19, we find a situation where an employe, whose business it was to see that yarn was wound around a revolving cylinder, was killed when he fell on a machine, so that his neck was torn open and the carotid artery was cut. Of this injury the employe died. Further proof in the case established the fact that the fall was occasioned by a pre-existing diseased condition. The court in solving its problem determined that, even though the fall was caused by the diseased condition, the latter was but the remote cause of the injury and the fall itself was the proximate cause of death; and, in finding the injury to have arisen out of and in the course of employment, it said: Indisputably the injury occurred during the course of employment, and the fall into the machine was from the place in front of the machine where the employe was standing in the active performance of his duty.

"The real question is not so much the cause of the fall or whether the fall as such arose out of the employment, but whether the risk and harm of a fall into or upon machinery then in use by an employee are incidents of that business and hazards to which the workman would not have been exposed apart from that business."

Upon the authorities and reasons assigned, we conclude that the defendant's motion for a directed verdict should not have been sustained. And this court, coming now to consider the motion made by the plaintiff to arrest the case from the jury at the conclusion of the commission's statement of the case, finds that at this point there did not then, and does not now, exist a dispute as to the facts in issue, and that there then and now did exist but a question of law. The judgment of the court below is therefore reversed; and coming now, under and by virtue of §12272, GC, to render the judgment that the trial court should have rendered final judgment is rendered in favor of the plaintiff in error.

LEMERT and MONTGOMERY, JJ, concur.