## INDUSTRIAL COMMISSION v HINELINE

Ohio  Appeals,  1st  Dist,  Butler  Co

No 583.   Decided Nov 15, 1933

John W. Bricker, Attorney General, Columbus, Oscar A. Brown, Assistant Attorney General, Columbus, and Paul A. Baden, Prosecuting attorney of Butler County, Hamilton, for plaintiff in error.

Andrews, Rogers & Scott, Hamilton, and W. E. Hoffer, for defendant in error.

## OPINION

By ROSS, J.

Whether or not there was an accidental injury—that is an injury caused by an accident as distinguished from a disease is a question of fact for the jury.

Certainly there is in the portion of the record quoted sufficient to show an injury, and that it was caused by something more unusual than the ordinary incidents of the man's occupation. The slipping of the roll was an accident. The medical testing indicates that his present condition could be due to the sudden strain put upon him.

In the case of **Industrial Commission of Ohio v Franken, 126 Oh St, 299,** (Oh Bar, May 1, 1933) at pages 300 and 301, the court say:

"The record discloses that Franken had been in the employ of the Ohio State Stove Company for nineteen years as a "pressman"; his particular task being to handle dies, which weighed from twenty-five to four hundred pounds, an apparatus being provided and used to handle those which were too heavy to be lifted otherwise. No "accident" occurred, as that term is ordinarily understood and applied. Some time during the day above mentioned Franken made some complaint about not feeling well and quit work and went home. He died twenty-five days later, his trouble being diagnosed as heart failure. At the time he quit work he complained of indigestion. The record discloses that upon arriving home he had pains through his chest, and the doctor later stated that he was suffering from an acute dilation of the heart. There is not evidence whatever of any extraordinary or unusual happening in and about Franken's work preceding his illness. There is some evidence that on the day in question he had handled a die weighing three hundred pounds, but it does not appear that handling a die of that weight with the apparatus provided was any more strenuous than lifting by hand a die weighing thirty-five or forty pounds. The physician testified that in his opinion the heart condition described was caused by "some severe muscular strain."

The facts in the instant case are obviously different from those in the Franken case, and wholly unlike those in **Industrial Commission of Ohio v Middleton, 126 Oh St 212,** (Ohio Bar Reports, April 10, 1933).

There was evidence justifying the jury in concluding that an accident occurred; that this resulted in immediate injury to the complainant, and that such injury was the cause of the incapacity for which he now makes claim for compensation. Such a state of the record requires that the judgment be affirmed, and our conclusion is, therefore, to this effect.

Judgment affirmed.

HAMILTON, PJ, concurs.