## INDUSTRIAL COMMISSION v RUNYAN

Ohio Appeals, 2nd Dist, Clark Co

No 329.  Decided Jan 5, 1934

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Ass't. Atty. Gen., Columbus, for plaintiff in error.

Stewart L. Tatum, Springfield, and Kenneth L. Rush, Springfield, for defendant in error.

## OPINION

By KUNKLE, J.

The case has been submitted to us upon the record taken in the lower court together with the briefs of counsel.

We have considered this record and also the briefs of counsel with care.

It is admitted that plaintiff was injured in the usual course of his employment with French and Hecht Company, Incorporated.

Counsel for plaintiff in error insist with much force that there is no evidence in the record to sustain the finding that the plaintiff suffered an injury accidental in its nature and origin. Counsel for plaintiff in error insist that the record shows that the plaintiff's injury was the result of his inability to do the work to which he had been assigned and that under the rule announced in the recent decision of our Supreme Court, in the case of **Industrial Commis-**

sion v Franken, 126 Oh St 299, plaintiff is not entitled to recover as the evidence does not show the injury in question was the result of any accidental happening.

Three special interrogatories were submitted to the jury, one by the defendant, and two by the plaintiff.

Interrogatory No. 1 is as follows:

"If you find that the plaintiff was injured, was the plaintiff operating a defective machine at the time he was injured? 'Yes' or 'No'."

Answer: "Yes."

Interrogatory No. 2: "If you find that the plaintiff was injured, was the injury to the plaintiff caused proximately by reason of the fact that he was working on a defective machine? Answer 'Yes' or 'No'."

Answer: "Yes."

Interrogatory No. 3: "Was plaintiff's disability the result of the continuous heavy work, the vibration of his work against his body, and the peculiar position he was required to be in to operate the machine he was operating, or any one or more of these causes? Answer 'Yes' or 'No'."

Answer: "Yes."

Counsel for plaintiff in error insist that by reason of the answer to interrobatory No. 3, the plaintiff is clearly not entitled to recover.

We are of opinion that when the interrogatories are read and considered together, that they are not necessarily inconsistent. The jury by interrogatory No. 3 did not affirmatively find that the facts stated therein were the proximate cause of the injury complained of. The answer to this interrogatory does not necessarily exclude other causes.

The answers to interrogatories Nos. 1 and 2 clearly show that he was operating a defective machine at the time in question and that the injury was proximately caused by reason of his operation of such defective machine.

There is evidence in the record which we think fairly supports the finding made by the jury in interrogatories Nos. 1 and 2. The record contains testimony showing that the clutch pedal began slipping before the 30th of January, but on pages 11 and 12 of the record we find the following:

Q. Will you state whether the condition as to the amount of pressure you had to put on the pedal grew worse or better as you worked from day to day?

A. Yes, it kept getting worse all the time.

Q. And state whether or not on the last day that you worked it was necessary to put more weight on the pedal than any other time?

A. Yes, put more weight on the pedal the last day I worked.

Q. State whether or not in putting your weight on this, you took hold of the spoke and pulled yourself forward?

A. Yes, I did. The day I got hurt, after I got hurt, they put new feathers in this machine.

Q. Do you know what the cause or necessity of putting so much pressure on that pedal was?

A. Yes in the clutch and in the feathers on the machine.

Q. The clutch was slipping?

A. Yes, the clutch slipped and the feathers wore out.

Q. Did you bring that condition to the attention of your foreman?

A. Yes, that was it.

On pages 21 and 22, the witness Casson testified in part, as follows:

Q. Do you know about how much those wheels weigh?

A. No, I don't know exactly; they are heavy.

Q. Would you have any idea?

A. I would judge around four hundred.

Q. State whether or not the operator of the machine, Delbert Runyan, would necessarily in riveting the wheels have to move the wheel in and out off the machine?

A. Yes, sir. The riveter was not running right.

Q. You had occasion to observe Mr. Runyan running it? A. Yes, sir.

Q. Would you state whether or not from your observation, you saw Mr. Runyan applying great weight to the pedal? A. Yes, sir.

Q. He was? A. Yes, sir.

* * *

Q. Will you state whether or not you were assigned to work on that machine after January 30th?

A. Right after he went out I tried it out and wouldn't work it.

Q. It would not work right? A. No.

Q. What condition was it in?

A. It wouldn't strike hard enough and had to put all your weight on it.

Q. How long did you work on that machine?

A. About half an hour.

Q. State whether or not it affected you in any way.

Note: This question was objected to, the objection sustained and the record shows that if the witness were permitted to answer would have testified as follows:

A. I don't know whether it affected me, but I didn't feel right when I got off of it.

Q. Will you state after Mr. Runyan left the machine if anything was done to change the condition of the machine as at the time Mr. Runyan left?

A. Yes, new feathers put in.

Q. Even after this new feather was put in, state whether or not you had to apply great weight to the pedal?

A. Not so much, but good weight. It didn't run like the machine I run.

Giving to the evidence the most favorable construction of which it is susceptible, and this we are required to do, we think the jury was justified in finding from the evidence that the injury in question was occasioned by an unusual happening in the course of plaintiff's employment and this unusual happening resulted from the increased defective condition of the machine at the time in question.

From a consideration of the record, we are inclined to think this case falls within the reasoning of the Supreme Court in the case of **Industrial Commission of Ohio v Burckard, 112 Oh St, p. 572.**

We are also of opinion that there is no error in the record prejudicial to plaintiff in error, or which would warrant a reviewing court in disturbing the verdict of the jury.

The judgment of the lower court will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.