## ESMONDE v LIMA LOCOMOTIVE WORKS

Ohio Appeals, 3rd Dist, Allen Co

No 650.   Decided June 26, 1935

Elmer McClain, Lima, for Claimant.
Wheeler, Bentley, Neville & Cory, Lima, for Employer.

580

**OPINION**

By GUERNSEY, J.

It is contended by the plaintiff that reasonable minds might conclude that the evidence adduced establishes all the essential elements of the plaintiff's case and that it was therefore error for the trial court to direct a verdict in favor of the defendant.

Under the Workmen's Compensation Act, if plaintiff was (1) an employee, (2) was injured, (3) in the course of employment, he should be (4) compensated.

It is conceded by the defendant that the plaintiff was an employee, was in the course of his employment, and therefore the only question for this court to decide is whether or not there is evidence tending to prove that he sustained an injury within the meaning of the Workmen's Compensation Act of Ohio.

"The term 'injury' as used in the Workmen's Compensation law of Ohio compre-hends only such injuries as are accidental in their origin and cause."

Industrial Commission v Franken, 126 Oh St 292, syllabus 2.

"An accident is some happening that occurs by chance, unexpectedly, and not in the usual course of events. It is something that might possibly be prevented by the exercise of due care and caution."

Industrial Commission v Russell, 111 Oh St 692.

The Workmen's Compensation Act is construed liberally in favor of employees.

Industrial Commission v Weygandt, 102 Oh St 1, syllabus 4.

Industrial Commission v Bartholomew, 128 Oh St 13.

Where incapacity results from a natural and gradual wearing away of physical capacity or condition during the regular and usual employment there is no injury which may be compensated under the Workmen's Compensation law.

Industrial Commission v Franken, 126 Oh St 299.

Industrial Commission v Middleton, 126 Oh St 212.

Industrial Commission v Russell, 111 Oh St 692.

Industrial Commission v Davis, 119 Oh St 221.

Renkel v Industrial Commission, 109 Oh St 152.

Industrial Commission v King, 45 Oh Ap 425 (14 Abs 476).

On the other hand, where an employee engaged in the performance of his regular duties is subjected to extraordinary strain or other unusual condition distinctive in character and definite as to time and place resulting in an injury, such injury is an accidental injury within the meaning of the Workmen's Compensation Act and therefore compensable.

Industrial Commission v Bartholome, 128 Oh St 13.

Industrial Commission v Poulson, 121 Oh St 377.

Industrial Commission v Henline, 47 Oh Ap 50 (16 Abs 257).

Industrial Commission v Smith, 45 Oh Ap 362 (15 Abs 703).

Baker v Industrial Commission, 44 Oh Ap 539 (14 Abs 315).

Industrial Commission v Gillord, 41 Oh Ap 297 (12 Abs 495).

Industrial Commission v Dunham, 33 Oh Ap 237.

Industrial Commission v Betleyoun, 31 Oh Ap 430 (7 Abs 542).

Industrial Commission v Runyan, 16 Abs 418.

Crawford v Industrial Commission, 13 Abs 185.

In the case at bar there is evidence tending to prove that the plaintiff employee was, in the performance of his regular duties, subjected to extraordinary strain and was working under an unusual condition in that he did extra lifting and sledging occasioned by the absence of the third man ordinarily employed to assist in such operations and in that the whole operation was performed by plaintiff and one man instead of by plaintiff and two men as was customarily done, that the extraordinary strain was distinctive in character in that it caused pain in the region of the heart and was definite as to time and place in that it occurred suddenly during progress of the work, and this case therefore comes within the rule last mentioned and the injury sustained by plaintiff is within the meaning of the Workmen's Compensation Act accidental and therefore compensable.

It is further contended by the defendant that the testimony of Dr. Chenoweth and Dr. Tussing to the effect that plaintiff might or could have been injured in the manner claimed by him, not being positively to the effect that the strain caused the injury, was insufficient as a matter of law to prove the causal connection between the claimed strain and the dilatation of plaintiff's heart. From the facts in evidence other than the medical testimony the jury were authorized to draw an inference that the strain caused the dilatation, and this evidence together with the medical testimony warranted the submission of the question to the jury, and this contention is not well taken.

Industrial Commission v Weimer, 124 Oh St 50.

Industrial Commission v Heinline, 47 Oh Ap 50.

Spicer v Tucker, 127 Oh St 421.

Crawford v Industrial Commission, 13 Abs 185.

Industrial Commission v Gillord, 41 Oh Ap 297.

It is also contended on behalf of the defendant that there was no evidence tending to prove a trauma and that consequently the injury was not compensable. This contention is also without merit as the dilatation of the heart was in and of itself a trauma, and there is no provision in the Constitution of the Ohio Workmen's Compensation Act making or requiring an external trauma as a condition precedent to the recovery of compensation.

As for the reasons above mentioned there was evidence tending to prove all the essential elements of the plaintiff's case, the sustaining of defendant's motion for directed verdict was erroneous, and the judgment will therefore be reversed and the cause remanded for new trial and further proceedings according to law.

KLINGER, PJ, concurs.

CROW, J, dissents on the ground that the happening complained of by plaintiff was not an accidental injury within the Workmen's Compensation law of Ohio. All the evidence tended to prove that it was caused solely by the nature of his employment. **Industrial Commission v Franken, 126 Oh St 299. Industrial Commission v Lambert (Iron ladle), 126 Oh St 501.**