Matthias, J.
 

 The record discloses that the plaintiff in error suffers from a disease known as tuberculosis. It further appears that for nearly a year prior to the filing of his application with the Industrial Commission for compensation he
 
 *154
 
 had been at work in the plant at the Chandler Motor Car Company on a machine which cast off iron dust, which dust has a tendency to cause irritation and lead to the development of tuberculosis. The record further discloses that the plaintiff for several years had been employed by other companies and engaged in the same work; but there is evidence tending to show that during such periods his health was not impaired.
 

 The question of law presented is whether such disease is compensable under the Workmen’s Compensation Act (Gen. Code, Secs. 1465-37 to 1465-108), or, to state the question most favorably to the plaintiff, Does the condition complained of result from an injury which is compensable under such law? This precise question has been passed upon by this court in previous cases, but it may be profitable to again consider the same in view of the attempt of counsel for plaintiff to distinguish this case from those previously decided, particularly that of
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283. This he seeks to do by an averment in the petition that the particles of dust inhaled “injured the lung substance'* * * injuring and wounding his said lungs, as a result of which tuberculosis has set in,” and by reason of evidence in the record of a physician that lesions were caused, and that the “constant repetition of the metal will produce chronic bronchitis or subacute bronchitis, and that is one of the predisposing causes of consumption of the lungs.”
 

 We need go no further than our own Constitution and the statutes enacted pursuant to the authority thus vested in the Legislature to determine
 
 *155
 
 the question presented by this record. Section 1465-68, General Code, enacted in 1913, so far as pertinent to this inquiry, provides that —
 

 “Every employe * * * who is injured, and the dependents of such as are killed in the course of employment * * * shall be paid such compensation,” etc.
 

 That the term “injuries,” as here referred to, does not include and was not intended to include diseases contracted by an employe in the course of his employment, whether such as generally classified as occupational diseases or diseases of a character differing therefrom, must be concluded from the fact that by Section 35, Art. II, of the Constitution, adopted in 1912, authority was conferred lip on the Legislature to enact laws creating a fund “for the purpose of providing compensation to workmen and their dependents, for death, injury or - occupational disease, occasioned in the course of such workmen’s employment,” and that the Legislature, proceeding to act upon the authority thus vested, provided, as we have just seen, for compensation of an employe for “injuries,” and for compensation of the dependents of an employe “killed” in the course of his employment, and did not make provision, as authorized by the Constitution, for compensation of a workman who contracted an occupational disease. The distinction thus made by the Constitution was observed and followed by the Legislature, which has since made provision for compensating employes who suffer from certain occupational diseases therein enumerated, to which we shall later refer. Through the course of reasoning clearly and logically set forth
 
 *156
 
 in the opinion of Judge Robinson in the
 
 Cross case, supra,
 
 the following conclusion, stated in the syllabus of the case, was reached:
 

 “Section 35, Article II of the Constitution, differentiates between ‘injuries’ and ‘occupational diseases.’ If ‘occupational diseases’ were not comprehended in the term ‘injuries’ by that section of the Constitution, diseases other than occupational diseases were not so comprehended. * * * The term ‘injury’ as used in Section 1465-68, General Code, does not include diseases which are contracted, as distinguished from diseases which are occasioned by or follow as a result from physical injury.”
 

 Though the word “accident” is not used in our statute, nor in the constitutional provision referred to, nor the word “accidental” in connection with the word “injury,” yet it seems clear that the distinction of “injury” from “occupational disease,” as made both in the constitutional provision and statutory enactment,' warrants the conclusion that “disease” is not included in the term “injury,” and that compensation may be awarded for incapacity by reason of disease only where it is shown that the disease was caused by or is the result or consequence of a compensable injury, such as, for instance, the development of blood poison from a wound upon the body of the employe inflicted in the course of employment. Such a disease is generally referred to by the authorities as a traumatic disease; that is, a disease which is caused by a physical injury. The disease known as tuberculosis cannot be said to have resulted from a physical injury as that term is used in the
 
 *157
 
 Constitution and statute. The claim of plaintiff upon which this action was based is that the disease from which he suffers has been developing for several months, and resulted from long-continued work under conditions and circumstances which were calculated to and did develop tuberculosis. The tuberculosis germ, just as the typhoid fever germ and the germ of other diseases, becomes active in the human body and results in the development of such disease by reason of the worn-down condition of the system lowering the resistance. This is in substance the evidence of the physician called by plaintiff in this case. Such disease would therefore not come within the term “injury” as used in the Constitution and statute.
 

 This conclusion is also required not only by the reasoning of the opinion, but by the judgment of this court, in the case of
 
 Industrial Commission v. Brown,
 
 92 Ohio St., 309, 110 N. E., 744, L. R. A., 1916B, 1277, wherein it was held that lead poisoning contracted in the course of employment was not a personal injury compensable under the provisions of the statute then in force. It is there pointed out that the subject of occupational diseases occupies a distinct field of its own, and that such fact is recognized not only in our Constitution but by the Legislature. Pursuant to the further authority conferred by the Constitution, legislation has now been enacted whereby certain diseases therein enumerated have been made compensable as occupational diseases, when contracted by an employe in the course of his employment and due to the nature of any process described in the statute. This legislation provides for the crea
 
 *158
 
 tion of a fund, denominated therein as “the occupational disease fund of Ohio,” out of which compensation shall be paid to such employe or his dependents, but for 90 days preceding the filing of his claim he must have been employed by an employer required by law to contribute to such fund. Whether the disease with which the plaintiff claims to be suffering falls within those enumerated in this act as compensable occupational diseases it is unnecessary to decide, and we do not attempt to determine, for the reason that this legislation could have no possible application to the claim made by the plaintiff, it having become effective about a year subsequent to the date upon which the plaintiff’s cause of action, if any he had, accrued. Plaintiff’s action is based wholly upon the claim that his disease is compensable as an injury under the statute. Attention is directed to this additional legislation merely because it constitutes further legislative construction of the statutes theretofore enacted.
 

 It is certainly quite obvious that plaintiff’s incapacity results from a disease, and not an injury for which payment of compensation has been provided by statute, and the judgments of the court of common pleas and Court of Appeals, based upon such finding and conclusion, are therefore affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Day and Allen, JJ., concur.