By the Court.
 

 In the case of
 
 Industrial Commission
 
 v.
 
 Burckard,
 
 No. 18711, the defendant in error, Marie D. Burckard, as a dependent and widow of Charles Burckard, deceased, filed an application for compensation growing out of the death of said Charles Burckard, due to an injury suffered while in the employment of the Ault & Wiborg Company of Cincinnati. The Industrial Commission denied compensation. Upon appeal to the common pleas court a jury was waived and that court allowed compensation, which judgment was affirmed by the Court of Appeals. This proceeding is brought to reverse that judgment.
 

 The deceased was a chemist and was in charge of the development work in the manufacture of metanitraniline, which is produced by reducing metadinitrobenzol with iron dust and acid.
 

 In March, 1919, “due to faulty equipment and accidental mishandling of materials,” the defendant in error claims that Charles Burckard suffered
 
 *373
 
 a severe attack of aniline poisoning, which totally incapacitated him and confined him to his home for a period of six weeks; that from that date he steadily lost in weight, flesh, and vitality until his death, October 14, 1920; and that prior to this accident the said Burekard was. a, steady, willing, and conscientious worker.
 

 While the testimony is conflicting as to the history of the diseased condition, plaintiff in error contends that Burekard died from tuberculosis under circumstances that would not be compensable. Ren
 
 kel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834. However, in the light of
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463, there is sufficient in this record to show that the deceased’s death was occasioned by or followed as a result of physical injury; that it was not' occasioned in the natural and ordinary course of his employment, but by an unusual and extraordinary happening in the course of such employment, which was both accidental and unforeseen, to wit, an accident “due to faulty equipment and accidental mishandling of materials.”
 

 While much expert testimony is offered to meet this controverted point, still there is sufficient in the record to justify the conclusion of the court of common pleas and its affirmance by the Court of Appeals that the death of Charles Burekard was the result of an injury accidental in character, and that the same falls within the provisions of the Compensation Act (G-eneral Code, Sections 1465-37 to 1465-108).
 

 The judgment of the Court of Appeals in affirm
 
 *374
 
 ing the finding of the common pleas conrt is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, and Conn, JJ., concur.