CAMPBELL *v.* INDUSTRIAL COMMISSION OF OHIO.

*Workmen's compensation—Claim for compensation barred after two years, when—Section 1465-72a, General Code—Tuberculosis develops from poisonous fumes—Tuberculosis not compensable.*

Denial of compensation claim filed more than two years after accident, when tuberculosis from poisonous fumes had set in, *held* proper, since, if date of accident was date of injury, time barred claim, under Section 1465-72a, General Code, and, if claim was based on later date and was for tuberculosis, it was not compensable.

(Decided June 7, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hightower, O'Brien & Porter,* for plaintiff in error.

*Mr. C. C. Crabbe,* attorney general, and *Mr. Charles W. Baker, Jr.,* for defendant in error.

HAMILTON, J. Plaintiff in error filed an appeal to the court of common pleas of Hamilton county, from an order of the Industrial Commission of Ohio refusing him participation in the state insurance fund.

The amended petition, among other things, alleges that for 15 years prior to April 12, 1922, he was employed by the Allis-Chalmers Manufacturing Company, and its predecessor, in Norwood, Ohio, and that on April 12, 1922, he was so employed as foreman in its starter department and that the manufacturing company was a subscriber to the state insurance fund. The petition further states:

That a solution of nitric and sulphuric acid was employed in the work, which let off certain gases and fumes, and that to protect the workmen a hood, with a ventilator, was hung over the vat containing the copper to be cleaned; the gases and fumes being carried from the ventilator upward to an outlet pipe. That on that date, while the cleaning process was going on, another workman negligently and carelessly raised a window in the room, and this directed the poisonous gases and fumes toward the appellant instead of permitting them to escape through the outlet pipe, so that appellant was temporarily overcome thereby. The petition further states that at various times from the date of said accident, appellant suffered what appeared to be slight colds from the effects of said gassing, but did not know he was really injured thereby, and in fact the injury did not become complete until May 1, 1925, when his medical examiner discovered and informed him, for the first time, that pulmonary tuberculosis had set in as a result of such accident. He further alleges that on May 7, 1925, he filed his claim with the Industrial Commission of Ohio, which was, as heretofore stated, rejected.

To this petition the Industrial Commission demurred, grounds of the demurrer being that the amended petition did not state a cause of action against the defendants, and that the court had no jurisdiction of the subject-matter of the action.

The trial court sustained the demurrer, for the reasons, as indicated in its opinion, that if the date of the accident, which was April 12, 1922, was the date of the injury, the claim was barred under Section 1465-72a, General Code, which requires that in

all cases of injury or death claims for compensation shall be forever barred unless within two years after the injury or death application shall have been made to the Industrial Commission of Ohio; that if the claim is based on the date of May 1, 1925, and is one for tuberculosis, the claim is not compensable.

The facts bring this case within the decided cases of *Industrial Commission* v. *Cross,* 104 Ohio St., 561, 136 N. E., 283, and *Renkel* v. *Industrial Commission of Ohio,* 109 Ohio St., 152, 141 N. E., 834. Upon the authority of these cases, and Section 1465-72a, General Code, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and CUSHING, J., concur.