INDUSTRIAL COMMISSION v. RICE

Ohio Appeals, 6th Dist., Erie Co.

No. 240. Decided June 6, 1927.

631. INDUSTRIAL COMMISSION — 1. Disease directly resulting from injury sustained in course of employment is not occupational disease, but is compensable on theory that condition is caused by injury.

2. Compensation for temporary total disability, under 1465-79 GC. should continue only during time of such temporary total disability and if such disability ceases to be total but becomes partial, allowance for total disability may terminate and an allowance for temporary partial disability made under 1465-80 GC.

516. FEES AND COSTS—Error to allow attorney fees of $500.00 under 1465-90 GC. where amount exceeds 20% of award up to $500.00 and 10% of any excess thereof.

Error to Common Pleas. Judgment modified and affirmed.

First Publication of this Opinion

WILLIAMS, J.

This proceeding in error is brought for reversal of a judgment of the Court of Common Pleas, awarding compensation to Carey Rice, plaintiff below, for injury which he claims to have sustained while in the employ of The Farrell-Cheek Steel Foundry Company of Sandusky, as a laborer, by being trapped in a furnace by a falling door. The cause came into the court below on appeal from the Industrial Commission, which disallowed the claim upon the ground that the disability was not due to an injury. There is evidence tending to show that the plaintiff prior to the alleged injury, was in good health and free from tuberculosis; that on the date named, while incarcerated in the furnace for a period of three minutes, he breathed heated fumes of gas and oil which had been burned as fuel therein; that thereafter he was physically incapacitated to perform labor; and that his physician found that he had pain in his chest and was coughing and that his lungs were congested; and that thereafter tuberculosis resulted, which could have been caused and probably was caused by the breathing of the heated fumes and gas.

In Industrial Commission v. Burckard, 112 OS. 372, the deceased was a chemist in charge of development work in the manufacture of certain chemicals by the use of iron dust and acid. Due to falling equipment and accidental handling of materials, Burckard suffered an attack of aniline poisoning, which totally incapacitated him. He died a few weeks later. The claim was made that the death was caused by tuberculosis under such circumstances as would not be compensable. The court, however, held that there was sufficient evidence in the record to show that the death was occasioned by or followed as a result of a physical injury and that it was not occasioned in the natural and ordinary course of his employment but by an extraordinary happening in the course of such employment, which was both accidental and unforeseen.

It has been universally held that disease directly resulting from an injury sustained in the course of employment is not an occupational disease but is compensable, on the theory that the condition is caused by the injury.

Claim is made that the judgment is excessive as to amount thereof, and as to the amount of attorney fees allowed. The court rendered judgment against the defendant for compensation at the rate of $18.75 a week for his temporary total disability which aggregated, to March 20, 1927, the sum of $2,175.00, and ordered the Industrial Commission to pay him the sum of $18.75 a week from March 20, 1927, until the 30th day of October, 1928. We think the order for payment from March 20, 1927, should continue only during the time of such temporary total disability, under the provisions of 1465-79 GC. and if such disability ceases to be total but becomes partial, then, upon application to the Industrial Commission, the allowance for total temporary disability may be terminated, and an allowance for temporary partial disability made under 1465-80 GC. to be paid so long as the temporary disability continues, but in no event shall the amount paid exceed, in the aggregate, $3,750.

The judgment is, in this respect, erroneous to the prejudice of plaintiff in error and should be modified accordingly.

The court allowed attorney fees in the sum of $500.00. Sec. 1465-90 GC. provides that the costs of legal proceedings may include an attorney fee to plaintiff's attorney to be fixed by the trial judge, and taxed against the unsuccessful party, but further provides that such attorney fee shall not exceed 20% of any award up to the sum of $500.00 and 10% of any amounts in excess thereof, and in no event to exceed the amount of $500. The attorney fees to be allowed on a sum of $2,175.00 would amount to $267.50. The court therefore should have allowed attorney fees not exceeding the sum of $267.50 plus 10% of the weekly payments accruing after March 20, 1927, to be paid as such weekly payments become due and payable after that date.

Judgment as to attorney fees will therefore be modified so as to allow the attorneys the above amount.

Judgment modified and affirmed as modified. (Richards and Lloyd, JJ., concur).

Attorneys—Edward C. Turner, Atty. Gen., R. R. Zurmehley, Columbus and Clarence Moyer, Sandusky for Indust. Com.; J. L. Peeke and J. P. Hertlein, Sandusky for Rice.