Stephenson, J.
 

 The Industrial Commission claims there is error in the record, as follows: That the judgment of the Court of Appeals should have been for plaintiff in error; that the Court of Appeals should have rendered final judgment for plaintiff in error; that there are other errors apparent on the face of the record.
 

 The record discloses that the defendant below moved for an instructed verdict on the statement of the case by counsel for plaintiff below. Defendant below moved for an instructed verdict at the close of the testimony of plaintiff below and at the close of all the testimony.
 

 Plaintiff in error requested the trial court to give as
 
 *214
 
 a part of his general charge two germane propositions of law:
 

 “We request the court to charge the jury with reference to the preponderance of the evidence and that their finding can only he for the plaintiff in case they find by a preponderance of the evidence that he sustained an injury in the course of his employment.”
 

 “We also aslc the court to instruct the jury before the plaintiff can recover he must establish by a preponderance of the evidence that the Bell’s palsy or paralysis which he sustained resulted from a physical injury received in the course of his employment.”
 

 The requests were refused and exceptions were taken, but, as counsel seem to have abandoned the claimed errors in the charge, we shall not advert to them.
 

 One question remains. Do the facts herein present a compensable case?
 

 Claimant in his petition alleges that he worked under particular conditions, dumping trucks for three weeks; that during this time the weather was rainy and chilly; that at the end of the day he was in a heated condition, and while in such condition he was transported to the city of Xenia on an open, unprotected truck; that on the morning of April 9,1930,
 
 he was injured.
 
 How? He adds nothing to the precedent allegations.
 

 It must be concluded that, in effect, the claim is made that
 
 the nature of the worlc
 
 and
 
 the condition of the weather
 
 produced the facial paralysis of which he complains.
 

 So far as the pleading is concerned, there was nothing unusual or extraordinary in his employment for a period of three weeks. There was the same dumping of trucks under the same weather conditions.
 

 But an issue does creep into the case that was not made by the pleadings. Testimony was introduced on this issue. It was admitted over objection of plaintiff
 
 *215
 
 in error, was argued to the jury, and, it must be assumed, was considered by the jury; and no amendment was made, nor was it suggested that the petition be amended so as to conform to the proof.
 

 As shown by the record, in the testimony of claimant, it appears, in substance, that one of the trucks he was engaged in dumping was an International; that it had been upset a time or two; that it was out of line and worn and was thereby harder to crank and more difficult to dump; and that he dumped that particular truck six times that morning. This testimony was admitted and argued to the jury.
 

 Under the third assignment of the petition in error, this is an error, not specifically enumerated, on the face of the record. It was necessarily prejudicial.
 

 The old rule that “the evidence must conform to the allegations made by the pleadings and be confined to the point in issue,” still obtains, notwithstanding the liberality allowed in the introduction of testimony in cases of this character. However, we are content to consider the one question, Is this a compensable case?
 

 There is medical testimony in the record to the effect that heavy lifting and exposure to cold produced the facial paralysis complained of by claimant. Likewise there is medical testimony to the effect that it did not; hence, if the case is compensable, there is testimony to sustain the verdict of the jury in favor of claimant.
 

 Exposure and heavy lifting were not only necessary but indispensable incidents to the task of dumping trucks on county highway work, and were likewise hazardous to some degree.
 

 It is not claimed, and could not be claimed, that facial paralysis is an accidental occupational disease. There is no trauma or accident involved in this case. Viewing the testimony in its most favorable light, heavy lifting and exposure produced the facial paralysis. Was it the heavy lifting and exposure experienced on the day the facial paralysis manifested itself or the
 
 *216
 
 day before, or three weeks before, or was it the continuous heavy lifting and exposure during each working day of the three weeks preceding the manifestation of disability?
 

 Defendant in error contends that this case is on all fours with the case of
 
 Industrial Commission
 
 v.
 
 Hampton,
 
 123 Ohio St., 500, 176 N. E., 74. He cites the heat prostration and frostbite cases referred to in the opinion therein.
 

 The Court of Appeals likewise took the position that the
 
 Hampton case, supra,
 
 was dispositive of the case at bar.
 

 This case is readily distinguishable from those cases. There was distinct, traceable trauma in each of those cases. We find no distinct, traceable trauma in this case.
 

 From the undisputed testimony, Bell’s palsy is a disease. It is not an occupational disease. There is no testimony in the record from which a reasonable inference can be drawn to. the effect that it was the result of a “sudden happening,” but, rather, was the result of the prolonged heavy lifting and exposure, and therefore not compensable.
 

 In arriving at this conclusion, we approve and follow the cases of
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283;
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834; and
 
 Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305. Upon comparison, it will be found that this case is on all fours with the case of
 
 Industrial Commission
 
 v.
 
 Russell, supra.
 

 Motions were made at the close of Middleton’s testimony, and at the close of all the testimony, to arrest the case from the jury and direct a verdict for the Industrial Commission. Each and both of these motions were overruled, and to the judgment of the court in each instance exceptions were interposed.
 

 The judgments of the Court of Appeals and Court of
 
 *217
 
 Common Pleas are reversed, and final judgment rendered for the Industrial Commission.
 

 Judgments reversed.
 

 Allen, Kinkade, Jones and Matthias, JJ., concur. Weygandt, C. J., not participating.