Matthews, J.
This case comes before the court upon the motion of the defendant for a new trial.
It was admitted that Roy Cook was employed as an electric welder by a complying employer on July 1st, 1930; that he died on July 11th, 1930, and that the plaintiff, his widow, and a minor child were dependent upon him, that application for compensation was made in due time, which was denied, an application for a rehearing was duly made which was also denied, and this appeal seasonably taken.
The claim of the plaintiff was that “on or about said July 1st, 1930, while working for said employer as an electric welder, at its plant in Cincinnati, Ohio, Roy Cook received a flash or burn during the process of said welding; that by reason of and as a direct result of said injury he died on July 11th, 1930.” The defendant denied these allegations. No one saw Roy Cook injured or burned. The evidence of when, where and how this happened was entirely circumstantial. He was in perfect health when he went to work on July 1st, 1930. His work required him to use an electric welding machine that produced rays of different kinds and in the process of welding generated heat of such intensity that it melted metal. On the day in question in *85 the course of his employment he took this electric welding machine into a metal tank. So far as the evidence discloses he had on the clothing usually worn when at work. In about thirty minutes he emerged from the tank and complained to the foreman, who told him to go to a doctor. The record shows that his complaint was that he had received a flash or burn, but upon objection that was excluded from the consideration of the jury. He went home and when he arose the next day his wife saw that the skin on his chest, front part of his arms and legs had been burned. No such burns existed when he went to work the day before. It developed that these burns were painless and that this is a characteristic of burns caused by a certain kind of electric ray and that the only difference in electric rays is in the length of the wave. It is fairly inferable from the evidence that different rays may be produced under varying conditions by the same instrument and that scientific knowledge is not complete on the subject. There was no suggestion in the evidence of exposure to burns at any other time or place. The death certificate, as well as all the other evidence, showed that death resulted from these burns. Questions were asked witnesses in an attempt to establish some other cause of death but the effort was barren of results, not a scintilla of evidence of any other cause being elicited thereby. The evidence was uncontradicted that the abnormal condition of the skin was the cause of death and that condition was described as the result of burns by all the witnesses who saw it. At the trial is was contended by counsel for the defendant:
(1) That there was no evidence that these burns were received in the course of the employment; and
(2) That it was not sufficient that these burns were received in the course of and arising out of the employment, but that in addition to the burns thus inflicted there must appear the added element of accident resulting in the burns.
These same contentions lie at the basis of counsel’s argument on this motion for a new trial.
That inferences and deductions must be kept within the bounds of rationality is fundamental in judicial reasoning. *86 That is sometimes expressed in the form of the rule prohibiting the basing of an inference upon an inference, exemplified by Sabolovitz v. The Lubric Oil Co., 107 Ohio St., 204. The sufficiency' of circumstantial evidence, however, has had the sanction of the courts from the earliest times, and convictions involving life itself have rested on that foundation. See 1 Wigmore on Evidence, (2nd Ed.), Section 41. The evidence in this case shows that Roy Cook was in perfect health on July 1st, 1930, when he entered the tank with the electric welder, that he emerged thirty minutes later and complained and was told to go to a doctor, and that the next day his wife saw these burns, which were on the parts of the body that would naturally be exposed to the rays produced by the welder when working with it. These facts, coupled with the fact that these were the kind of burns that are produced by electricity, and that there was not a scintilla of evidence that he was exposed to such burns at any other time or place, seem to me to be sufficient circumstantial evidence that Roy Cook received these burns in the process of welding while inside the tank in the course of his employment.
It must not be overlooked that in a civil case we must be governed by probabilities. Of course, the evidence does not disclose with certainty exactly what happened in the tank on that occasion, but there is no such legal requirement. Does not the evidence incline the mind to the belief that in some way Roy Cook received the burns there, and as there is a presumption of fact that they were not self-inflicted, that whatever the circumstances their infliction was unintentional? The jury thought so and the court cannot say it was unreasonable in so thinking.
The case was submitted to the jury on the theory that inasmuch as the claim was that Roy Cook had received a burn on a specific day of such intensity that it reduced him from perfect health to a condition of sickness causing his death in ten days, the question of the nature or quality of the happening was not at all involved, but rather the question was whether or not the jury believed the circumstantial evidence tending to prove that the burns were inflicted in the course of and arising out of the employment.
*87 Counsel for the defendant relying on Industrial Commission v. Broton, 92 Ohio St., 309; Industrial Commission v. Roth, 98 Ohio St., 34; Industrial Commission v. Gross, 104 Ohio St,, 561; Renkel v. Industrial Commission, 109 Ohio St., 152; Industrial Commission v. Russell, 111 Ohio St., 692, and Industrial Commission v. Burckhardt, 112 Ohio St., 372, contended that • there should be submitted to the jury some definition of the term “injury,” excluding disease and including accident and trauma thereby. An examination of these cases will disclose that the discussion in them resulted from the fact that the nature of the disability itself placed it in the twilight zone between injury and disease. The disability that eventually resulted was a condition that was well known as a disease. From it no inference could be drawn of an original physical injury or hurt, as such phrase is commonly understood. A very different case is presented by an exposure to a not completely understood ray resulting in an immediate destruction of the skin so great as to cause death in ten days time. If this happened — and that was the only hypothesis’ submitted to the jury — there could be no question of its accidental nature. No occupation exposes an employee to such physical deterioration as one of its .normal hazards when conducted from day to day as contemplated by the parties. That element also distinguished the case at bar from Industrial Commission v. Franken, 126 Ohio St., 299, cited in the motion for a new trial, for the reason that the evidence showed an “illness” — dilation of the heart —and nothing more. That a burn is an injury — the one a specific and the other a generic term — is proven by reference to any standard dictionary. See also 4 Ohio Industrial Commission Reports, p. 129, and 1 Schneider on Workman’s Compensation, p. 547.
It was intended to submit this case to the jury in accordance with the views here expressed. An examination of the special and general charges on this motion leads to the conclusion that the jury was so instructed.
The request for additional instrüctions at the close of the general charge was in pursuance of the defendant’s theory *88 of the issues which should have been submitted. In the judgment of the court it did not apply to the evidence in this case. The same is true of the special interrogatory. The answer would have been immaterial.
There is one other point to be noticed. After stating in a special charge and repeating it many times in the general charge that before the plaintiff could recover she must prove that death was the direct result of the burns, that condition was omitted in one place toward the end of the charge. I don’t think the jury could have been misled by this. Furthermore, as the uncontradicted evidence was that death did result from the burns, and that this was admitted, it was immaterial.
For these reasons the motion for a new trial is overruled.