Zimmerman, J.,
 

 dissenting. I am unable to agree with the conclusions reached by my associates in the majority opinion.
 

 At the beginning it might be well to note that we are dealing with the organic and statutory laws of Ohio as they are, and not as they might or perhaps should be.
 

 Section 35, Article II, of the Constitution of Ohio, as amended in 1923, effective January 1, 1924, has been quoted in full in the majority opinion and I shall not repeat it.
 

 This section as adopted in 1912 and as amended in 1923, differentiates between injuries and occupational disease. It clearly recognizes three distinct classes for which provision may be made: (1) Injuries resulting in death; (2) Non-fatal injuries; and (3) Occupational disease. And all are limited to such as may be occasioned in due course of employment.
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 314, 110 N. E., 744, 746, L. R. A. 1916B, 1277, 1279.
 

 By virtue of the constitutional authorization, the General Assembly passed laws establishing a State Insurance Fund and providing for its administration. Laws were also enacted providing compensation to
 
 *77
 
 the dependents of a workman whose death occurs as a result of injuries suffered in the course of his employment; to the workman himself for non-fatal injuries, and to the workman who contracts one of the occupational diseases enumerated in Section 1465-68a, General Code, or to his dependents in the event of his death from any of such diseases. Of course negligence does not affect the right to compensation.
 

 The clause “Such compensation shall be in lieu of all other rights to compensation,” etc., as used in the constitutional amendment, refers to the compensation to be awarded “to workmen and their dependents, for death, injuries or occupational disease,” etc., through the authorized legislative enactments.
 

 It is undoubtedly true that where “death, injuries or occupational disease” occur within the scope of the Workmen’s Compensation Law making them compensable, the remedies provided by such law are exclusive. Through contribution to the State Insurance Fund, or through other approved arrangements in the case of a self-insurer, the employer pays for protection against direct court actions by his employees, and they are prohibited; but what is to be done with cases of death, injuries or disease suffered by the workman in the course of his employment
 
 through the negligence of his employer,
 
 not within the compensation features of the Workmen’s Compensation Law, and against direct actions for which the employer does not pay for protection through contribution to the State Insurance Fund, or otherwise? It seems to me that question was properly answered by the Supreme Court of Ohio in the case of
 
 Victor Rubber Co.
 
 v.
 
 Robbins, Admx.,
 
 101 Ohio St., 536, 130 N. E., 942. In that case Clara Robbins, as administratrix, brought suit for damages against the Victor Rubber Company, a contributor to the State Insurance Fund, for the death of her decedent, who was an employee of such company. She alleged in her
 
 *78
 
 petition that her decedent died from typhoid fever contracted through drinking water from wells maintained by the company for the use of its employees, which through its negligence had become contaminated with typhoid fever germs. The company raised the point that as a contributor to the State Insurance Fund it was protected from such action. In overruling a demurrer to the petition, the trial court held, as stated in the syllabus of the case,
 
 Robbins, Admx.,
 
 v.
 
 Victor Rubber Co.,
 
 21 N. P. (N. S.), 17, 29 O. D. (N. P.), 87:
 

 “A petition asking damages on account of the death of an employee of the defendant from typhoid fever, contracted from the drinking of contaminated water drawn from a well from which defendant’s employees were supplied, is not open to demurrer, for the reason that the defendant is not protected by said act notwithstanding he may have paid into the state insurance fund. ’ ’
 

 The case proceeded to trial, and the administratrix recovered a verdict and judgment, which judgment was affirmed by the Court of Appeals. In affirming the judgment of the Court of Appeals, this court said “that the allegations of the petition concerning the construction, location and maintenance by the defendant of the well referred to, and described in the petition, and the further allegations with reference to the injury caused to the decedent thereby, constituted a liability and a cause of action against the plaintiff in error, which was not removed by the provisions of the Workmen’s Compensation Act.”
 

 The proposition is thus stated in 28 Ruling Case Law, 829, 830, Section 117:
 

 “Where the right to an award of compensation for injury or death exists by virtue of the provisions of the workmen’s compensation act, the remedy for its enforcement is by many of the statutes made exclusive, and no action at law may be instituted against the
 
 *79
 
 employer. But if for any reason the statute is inapplicable to the case, the employee may have recourse to his common law remedy.”
 

 This text is supported by a number of authorities. Particular attention is directed to the following cases:
 
 Jones, Admx.,
 
 v.
 
 Rinehart & Dennis Co.,
 
 113 W. Va., 414, 168 S. E., 482;
 
 Jellico Coal Co.
 
 v.
 
 Adkins,
 
 197 Ky., 684, 247 S. W., 972;
 
 Donnelly
 
 v.
 
 Minneapolis Mfg. Co.,
 
 161 Minn., 240, 201 N. W., 305;
 
 Echord
 
 v.
 
 Rush, Recr.,
 
 124 Kan., 521, 261 P., 820;
 
 Smith, Admx.,
 
 v.
 
 International High Speed Steel Co.,
 
 98 N. J. Law, 574, 120 A., 188.
 

 In the case before us, defendant in error charges in her petition that as a direct and proximate result of the violation of Section 12996, General Code, by her employer, she “became physically exhausted and suffered a nervous breakdown, became subject to violent nervous attacks with visible outward manifestations thereof”.
 

 It is my opinion that this allegation describes a physical injury in and of itself, not analogous to fright, anguish, shock or mental suffering, as contended by counsel for plaintiff in error, for which there can be no recovery in the absence of contemporaneous physical injury, under the holdings in many of the cases. 13 Ohio Jurisprudence, 164
 
 et seq.;
 
 8 Ruling Case Law, 525
 
 et seq.;
 
 17 Corpus Juris, 828
 
 et seq.
 
 Lending -support to the view that an injury to the nervous system is a physical injury are the following authorities: 17 Corpus Juris, 832, Section 152;
 
 Sloane
 
 v.
 
 Southern Cal. Ry. Co.,
 
 111 .Cal., 668, 44 P., 320, 32 L. R. A., 193;
 
 Watson
 
 v.
 
 Dilts,
 
 116 Iowa, 249, 89 N. W., 1068, 93 Am. St. Rep., 239, 57 L. R. A., 559;
 
 Hill
 
 v.
 
 Kimball,
 
 76 Tex., 210, 13 S. W., 59, 7 L. R. A., 618;
 
 Wilkinson
 
 v.
 
 Downton, 2
 
 Q. B. (1897), 57;
 
 Janvier
 
 v.
 
 Sweeney, 2
 
 K. B. (1919), 316, 9 British Rul. Cases, 579;
 
 Kear
 
 v.
 
 Garrison,
 
 13 C. C., 447, 7 C. D., 515 (Affirmed 58 Ohio St., 707, 51
 
 N.
 
 E., 1098).
 

 
 *80
 
 An actionable physical injury need not be of traumatic origin.
 
 Johnson
 
 v.
 
 Sampson,
 
 167 Minn., 203, 208 N. W., 814, 46 A. L. R., 772;
 
 Gay
 
 v.
 
 Hocking Coal Co.,
 
 184 Iowa, 949, 957, 169 N. W., 360, 363. And compare,
 
 In re Burns,
 
 218 Mass., 8, 12, 105 N. E., 601, 603, Ann. Cas., 1916A, 787, 789;
 
 In re Hurle,
 
 217 Mass., 223, 224, 104 N. E., 336, 337, L. R. A., 1916A, 279, 280, Ann. Cas., 19150, 919, 920.
 

 Defendant in error has not alleged an injury compensable under the Workmen’s Compensation Law of Ohio. Through a long line of decisions this court has consistently limited the meaning of the term “injury”, as used in the Constitution and the statutes, to physical or traumatic injuries
 
 accidental in their origin and cause;
 
 the result of a “sudden happening” at a particular time.
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283;
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834;
 
 Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305;
 
 Industrial Commission
 
 v.
 
 Franken,
 
 126 Ohio St., 299, 185 N. E., 199;
 
 Industrial Commission
 
 v.
 
 Middleton,
 
 126 Ohio St., 212, 184 N. E., 835;
 
 Industrial Commission
 
 v.
 
 Lambert,
 
 126 Ohio St., 501, 186 N. E., 89.
 

 Through no stretch of the imagination could the condition described by defendant in error be classed as an occupational disease within the accepted definition of that term.
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 38, 120 N. E., 172, 173, 6 A. L. R., 1463, 1465;
 
 Victory Sparkler & Specialty Co.
 
 v.
 
 Francks,
 
 147 Md., 368, 379, 128 A., 635, 638, 44 A. L. R., 363, 368;
 
 Barron
 
 v.
 
 Texas Employers’ Ins. Assn.
 
 (Texas Comm. App.), 36 S. W. (2d), 464, 466; Schneider on Workmen’s Compensation Law, 1, 419, Sec. 223.
 

 We are confronted in the instant case with a situation not covered by the Workmen’s Compensation Law. The defendant in error has charged an injury—
 
 a
 
 harm to health — directly due to the wrongful con
 
 *81
 
 duct of her employer in violating a statute passed for the protection of the class to which she belongs, which violation, if established, constitutes negligence
 
 per se. Variety Iron & Steel Works Co.
 
 v.
 
 Poak,
 
 89 Ohio St., 297, 106 N. E., 24;
 
 Hadfield-Penfield Steel Co.
 
 v.
 
 Sheller,
 
 108 Ohio St., 106, 141 N. E., 89; 18 Ruling Case Law, 552, Section 64; 39 Corpus Juris, 297, 298, Sections 424, 425.
 

 It is my opinion that the petition herein states a valid and sufficient cause of action, which can be maintained. Otherwise, there exists here an alleged wrong for which there is no remedy. This is contrary to the established policy of. the law. As stated in
 
 Engle
 
 v.
 
 Simmons,
 
 148 Ala., 92, 41 So., 1023, 121 Am. St. Rep., 59:
 

 “It is a sound and just principle of law that, where one in violation of the law does an act which in its consequences is injurious to another, he is liable for the damages caused by such wrongful act.”
 

 I agree with the conclusion reached by the Court of Appeals in this case that the demurrer to the petition should be overruled.
 

 The case of
 
 Zajachuck
 
 v.
 
 Willard Storage Battery Co.,
 
 106 Ohio St., 538, 140 N. E., 405, is opposed to the position I have taken, but I agree with neither the reasoning nor result of that case.