By the Court.
 

 While the medical testimony tendered by the commission tended to prove that the cause of death was in no way related to the exposure and that the ventilating system was in proper order, we shall treat this case in light of the proof adduced by the claimant.
 

 This court has held that diseases contracted in the course of employment, but which were not occasioned by or the result of a physical injury, are not compensable under our Workmen’s Compensation Law. Such was the holding of the syllabus in
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834, where claimant was denied recovery because of the claim that dust particles were breathed into his lungs and injured the lung substance. The foregoing case was but a re-statement of the law decided in
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283. It is not here contended that the decedent’s death was occasioned by an occupational disease. We have also held that a disease other than occupational is not compensable because it was contracted during the period of employment; and that “to be compensable, -such disease must be occasioned by or follow as the result of physical injury.”
 
 Industrial Commission
 
 v.
 
 Middleton,
 
 126 Ohio St., 212, 184 N. E., 835.
 

 In this case there is no evidence of a physical or a traumatic injury operating directly upon the tissues of the body. The decedent served the entire day in Room 6 of the court building. The draft of cold air was continuous throughout that time, and there Is no evidence that there was any sudden happening or any special occurrence at any particular time which caused' an immediate physical injury, either externally or internally. A similar cold, later developing into thrombosis, could have resulted from the exposure of an em
 
 *250
 
 ployee or other invitees gathered in a court room to a continuous current of cold air issuing, not from a ventilator but from an open window. But in legal contemplation such an exposure would not be a physical injury. There may have been, in the instant case, what is termed by medical experts a'“medical trauma”; but such resultant trauma is not a legal trauma and compensable as a physical injury within the contemplation of the Workmen’s Compensation Law.
 
 Industrial Commission
 
 v. Armacost, 129 Ohio St., 176, 194 N. E., 23.
 

 Commission’s counsel, both at the close of the claimant’s evidence and again at the close of the entire evidence, moved for a directed verdict; both motions were overruled by the trial court. The trial court erred in not sustaining the motions of the defendant below and the Court of Appeals erred in its affirmance of the trial court. Proceeding to render the judgment the trial court should have rendered, this court reverses the judgments of the courts below, and renders judgment in favor of the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.
 

 Day, J., not participating.