Taft, J.
Although a death caused by a so-called “occupational disease” may in some instances be compensable under the Workmen’s Compensation Act of this state,[1] a claimant on ac *300 count thereof does not have the right of appeal to the Common Pleas Court which plaintiff is asserting in the instant case. That right of appeal is provided for by Section 1465-90, General Code, and Section 1465-68&, General Code, specifically provides that “Section 1465-90, General Code, * * shall not apply to any case involving occupational disease.” Therefore, it is essential, if plaintiff is to prevail in the instant case, for plaintiff to establish that decedent received an injury, within the meaning of the word “injury” as used in the Workmen’s Compensation Act, and that that injury was the proximate cause of his death. McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. (2d), 138; Section 1465-82, General Code (providing for death claims, other than those involving a so-called occupational disease, only “in case the injury causes, death * * * and * * * compensation or disability on account of the injury has been continuous to the time of the death * * * and the death is the result of such original injury”); Section 1465-68 (providing for compensation where “employee * * * injured * * * in the course of employment” and defining “injury” only as “any injury received in the course of, and arising out of * * * employment”).
*301 Recognizing this necessity to establish such an “injury,” plaintiff has argued that the pneumonia suffered by decedent and which caused decedent’s death was an “injury” within the meaning of the Workmen’s Compensation Act and has apparently suggested that, if it was not, then decedent’s weakened resistance to infection, either accidentally resulting from[2] or accidentally caused by[3] hazards of his employment,[4] was an “injury” within the meaning of the Workmen’s Compensation Act.
In our opinion, the contention that pneumonia may be an “injury” within the meaning of that part of the Workmen’s Compensation Act constituting Sections 1465-68 and' 1465-82, General Code, is fully sustained by portions of the syllabus in Sebek v. Cleveland Graphite Bronze Co., 148 Ohio St., 693, 76 N. E. (2d), 892, and by the decision in Industrial Commission v. Bartholome, 128 Ohio St., 13, 190 N. E., 193. See Industrial Commission v. Roth, 98 Ohio St., 34, 120 N. E., 172; Industrial Commission v. Palmer, 126 Ohio St., 251, 185 N. E., 66; Industrial Commission v. Helriggle, 126 Ohio St., 645, 186 N. E., 711; and Industrial Commission v. Burckard, 112 Ohio St., 372, 147 N. E., 81. Cf. Industrial Commission v. Polcen, 121 Ohio St., 377, 169 N. E., 305. See also Johnson v. Industrial Commission, 63 Ohio App., 544, 27 N. E. (2d), 418( On the other hand, the conclusion, that pneumonia cannot be such an “injury,” is re *302 quired by our decisions in Industrial Commission v. Cross, 104 Ohio St., 561, 136 N. E., 283; Industrial Commission v. Brumm, 130 Ohio St., 248, 198 N. E., 863; Renkel v. Industrial Commission, 109 Ohio St., 152, 141 N. E., 834; Industrial Commission v. Armacost, 129 Ohio St., 176, 194 N. E., 23; Industrial Commission v. Middleton, 126 Ohio St., 212, 184 N. E., 835; and Industrial Commission v. Franken, 126 Ohio St., 299, 185 N. E., 199.
It is often said that the law is not an exact science. However, we see no justification for our following one of these two conflicting lines of cases and ignoring or attempting to distinguish cases in the other line to the extent that they cannot reasonably be distinguished. To do so would be to leave the law in a less exact state than the decision of this case necessitates. Also, in determining which of these two conflicting lines of decisions should be followed, we must not ignore the words of our Constitution and statutes in order to reach a result which we believe to be desirable in this particular case. Our function is to interpret those words and not to revise them.
Industrial Commission v. Cross, supra (104 Ohio St., 561), involved a petition alleging that plaintiff “was an employee * * * and * * * contracted typhoid fever by drinking water from a spring located in the park near the point where he was employed, ’ ’ that he died of such fever, and that neither he nor his employer knew that the water was contaminated with typhoid germs. This court held that the petition was demurrable. The syllabus reads:
“1. In the enactment of the present workmen’s compensation law the Legislature acted in pursuance of the authority conferred by Section 35, Article II of the Constitution of Ohio adopted in 1912 [relative to “compensation * * * for death, injuries or occupational disease”], and where it used the same words or terms used in that section it will be presumed that it used them in the same sense that they are therein used.
“2. Section 35, Article II of the Constitution, differentiates between ‘injuries’ and ‘occupational diseases.’ If ‘occupational diseases’ were not comprehended in the term ‘injuries’ by that section of the Constitution, diseases other than occupational diseases were not so comprehended.
*303 “3. The term ‘injury’ as used in Section 1465-68, General Code, does not include diseases which are contracted, as distinguished from diseases which are occasioned by or follow as a result from physical injury. ’ ’
In the opinion by Eobinson, J., on page 564 et seq., it is said:
“ * * * it can not be claimed that death from an occupational disease is any less an injury than death from any other disease, or that a sickness from an occupational disease is any less an injury than a sickness from any other disease, and it necessarily follows that in the opinion of the members of the constitutional convention the term ‘injury’ did not comprehend disease, else why the addition of the words ‘or occupational disease.’ If injury included disease generally, .then it .of course included occupational disease; if it did not include occupational disease, then it did not include disease generally, and disease generally was excluded from its contemplation by the specific inclusion of occupational disease * * *.
‘ ‘ That a disease is an injury must be conceded, but by the same token it must also be conceded that an occupational disease is an injury. The constitution-makers however did not regard occupational disease as included in the term ‘injury,’ and so added it by specific designation. If, then, occupational diseases, which, experience has demonstrated, follow certain occupations with certainty to a considerable proportion of the persons so occupied, are excluded from the meaning of the term ‘injury,’ by what process of reasoning can we say that they intended to include diseases which occasionally occur without intending to include diseases which regularly occur?”
We cannot escape the conclusion that the above-quoted reasons given by Judge Eobinson require the pronouncements of law made in the syllabus of the Cross case. Those pronouncements have frequently been reiterated, followed and applied by this court.
Thus, Renkel v. Industrial Commission, supra (109 Ohio St., 152), involved a contention that particles of iron dust inhaled by a claimant during the course of his employment injured his lungs and that such injury caused tuberculosis. Paragraph two of the syllabus reads:
*304 “Diseases contracted in the course of employment, and not occasioned by or the result of a physical injury, are not compensable as ‘injuries’ under Section 1465-68, General Code. (Industrial Commission v. Cross, 104 Ohio St., 561, 136 N. E., 283, approved and followed.) ”
In Industrial Commission v. Franken, supra (126 Ohio St., 299), where death was caused by heart failure claimed to have resulted from a severe muscular strain during the course of employment, paragraph one of the syllabus reads:
“The Constitution and statutes of this state make a clear distinction between injury and disease. The only diseases which are compensable are certain occupational diseases enumerated by the statute.”
Industrial Commission v. Middleton, supra (126 Ohio St., 212), held that Bell’s palsy (a facial paralysis) was not a compensable injury. The syllabus reads:
“Under the Constitution and laws of Ohio, a disease, other than the enumerated occupational diseases, is not compensable, merely because it was contracted during the period of a particular employment. To be compensable, such disease must be occasioned by or follow as the result of physical injury. (Industrial Commission v. Cross, 104 Ohio St., 561; Renkel v. Industrial Commission, 109 Ohio St., 152; and Industrial Commission v. Russell, 111 Ohio St., 692, approved and followed.) ”
In Industrial Commission v. Armacost, supra (129 Ohio St., 176), the syllabus reads:
“1. Only those diseases enumerated by statute as occupational diseases are compensable under the workmen’s compensation law. (Industrial Commission v. Franken, 126 Ohio St., 299, and Industrial Commission v. Middleton, 126 Ohio St., 212, approved and followed.)
“2. There is a distinction between medical and legal trauma. The medical trauma produced by a microbe or a microscopic foreign substance, coming in contact with an uninjured mucous membrane of the human body during an uncertain period of time, is not such trauma as is contemplated by the workmen’s compensation law.”
Industrial Commission v. Brumm, supra (130 Ohio St., 248), involved a claim for death of a court bailiff who was ex *305 posed to a draft of cold air on a particular day when the ventilating system got out of order and who thereby suffered an extreme cold which developed into acute endocarditis and caused a thrombosis and his death. In the opinion “by the court” it is said:
“ * * * there is no evidence of a physical or a traumatic injury operating directly upon the tissues of the body. * * * There may have been, in the instant case, what is termed by medical experts as ‘medical trauma’; but such resultant trauma is not a legal trauma and compensable as a physical injury within the contemplation of the workmen’s compensation law. ’ ’
The pronouncements of law which have been made by this court and which conflict with the foregoing-quoted portions of syllabi and opinions of this court stem from Industrial Commission v. Roth, supra (98 Ohio St., 34). That case involved the “accidental * * * inhaling * * of a specific volatile poison or gas, resulting in” injury (acute lead poisoning) and death. It is thus distinguishable from cases such as the instant case and the Cross case, in each of which, what was claimed to be an “injury” within the meaning of the Workmen’s Compensation Act was caused by microbes. We do not therefore believe that the syllabus or decision in the Roth case is necessarily inconsistent with the syllabus in the Cross case. It is not necessary in the instant case to determine whether the fact, that the General Assembly has by subsequent legislation recognized lead poisoning as an occupational disease (Section 1465-68 [a], General Code, paragraph 3 of schedule), would now require a decision on facts such as were involved in the Roth case different from the decision rendered by this court in that case. See Industrial Commission v. Armacost, supra, 180 (129 Ohio St., 176). However, the opinion in the Roth case clearly recognizes what was there held to be an injury as a “disease,” but concludes that, since it was not an “occupational disease,” it could be an “injury” within the meaning of the Workmen’s Compensation Act. For the reasons hereinbefore quoted from the opinion in the Cross case, we believe that that conclusion is not sound.
Also, we fail to see any merit in the suggestion, in the opinion in the Roth case and in some of the cases which purport to *306 follow it (see Industrial Commission v. Palmer, supra [126 Ohio St., 251]; Industrial Commission v. Helriggle, supra [126 Ohio St., 645]; and Industrial Commission v. Bartholome, supra [128 Ohio St., 13]), that a disease, which is suddenly and unexpectedly or accidentally contracted, may be an “injury” within the meaning of the Workmen’s Compensation Act. Compare Stevenson v. Lee Moor Contracting Co., 45 N. M., 354, 115 P. (2d), 342, apparently decided under statutes which did not require, as do the Ohio statutes applicable in the instant ease, an injury other than a disease as the basis for the death claim there under consideration. This court has often held that, in order to be an “injury” within the meaning of the Workmen’s Compensation Act, ‘ ‘ a physical or traumatic damage or harm ’ ’ must be “accidental in its character in the sense'of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.” Malone v. Industrial Commission, supra (140 Ohio St., 292), paragraph one of syllabus; Toth v. Standard Oil Co., supra (160 Ohio St., 1), paragraph one of syllabus. But see Maynard v. B. F. Goodrich Co., supra (144 Ohio St., 22). It may be observed that our Constitution and statutes apparently do not contain any such “accidental” requirement. Renkel v. Industrial Commission, supra, 156 (109 Ohio St., 152). However, as pointed out in the syllabus and in the hereinbeforequoted portion of the opinion of Industrial Commission v. Cross, supra (104 Ohio St., 561), the words of our Constitution and of our workmen’s compensation statutes do require the conclusion, that the word “injury” as used in Sections 1465-68 and 1465-82, G-eneral Code, can never include a disease. If a disease can never be such an ‘ ‘ injury, ’ ’ it necessarily follows that it cannot be such an “injury” regardless of the fact that it may represent a physical or traumatic damage or harm and regardless of the further fact that it may be suddenly and unexpectedly or accidentally contracted.
In the opinion in Industrial Commission v. Cross, supra, 566 (104 Ohio St., 561), Judge Robinson stated, with respect to the Both case, that “this court * * * seemed to assume that accidental occupational diseases were compensable,” and he then rejected as unsound the conclusion so assumed.
*307 Since they involved what were held to be “injuries” claimed to have been suddenly caused by gas or chemicals and not by microbes, the decision and syllabus in Industrial Commission v. Palmer, supra (126 Ohio St., 251), and the decisions in Industrial Commission v. Burckard, supra (112 Ohio St., 372), and Industrial Commission v. Helriggle, supra (126 Ohio St., 645), like the decision and syllabus in Industrial Commission v. Roth, supra (98 Ohio St., 34), probably are not necessarily inconsistent with the decision rendered in and the syllabus of Industrial Commission v. Cross, supra (104 Ohio St., 561).
There is nothing in the syllabus in Industrial Commission v. Bartholome, supra (128 Ohio St., 13), which is inconsistent with either the syllabus or the decision in the Cross case. How - ever, a reading of the report of the case clearly indicates that, if this court had followed the decision and syllabus of the Cross case, it would have rendered a decision different from the one it rendered in the Bartholome case-, and the reasoning in the opinion of the Bartholome case, at pages 17 to 20, inclusive, is inconsistent with the syllabus and decision of the Cross case. Therefore, to the extent that the decision in the Bartholome case is inconsistent with the syllabus and decision of the Cross case, it must be overruled. It may be observed that no reference is made in the opinion in the Bartholome case to any of the cases hereinbefore cited as supporting the conclusion that pneumonia is not an “injury” within the meaning of the Workmen’s Compensation Act, except a passing reference to the case of Industrial Commission v. Franken, supra (126 Ohio St., 299).
By reason of the broad language of the statute under consideration in Sebek v. Cleveland Graphite Bronze Co., supra (148 Ohio St., 693), (Section 1465-70, General Code, reading in part: “any injury, disease or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not”), the decision rendered in that case is not inconsistent with either the syllabus or the decision of the Cross case. Greenwalt v. Goodyear Tire & Rubber Co., ante, 1; Bevis v. Armco Steel Corp., 156 Ohio St., 295, 102 N. E. (2d), 444. However, paragraph one of the syllabus and also paragraph four of the syllabus of the Sebelc case (by reason of its inclusion of the *308 words “sustained an injury in the course of and arising out of her employment within the purview of the Workmen’s Compensation Act and,”) are obviously irreconcilable with paragraph three of the syllabus and the decision in Industrial Commission v. Cross, supra (104 Ohio St., 561), with paragraph two of the syllabus and the decision in Renkel v. Industrial Commission, supra (109 Ohio St., 152), with paragraph one of the syllabus in Industrial Commission v. Franken, supra (126 Ohio St., 299), with the syllabus and the decision in Industrial Commission v. Middleton, supra (126 Ohio St., 212), with the syllabus and the decision in Industrial Commission v. Armacost, supra (129 Ohio St., 176), and with the opinion “by the court” and the decision in Industrial Commission v. Brumm, supra (130 Ohio St., 248). Therefore, paragraphs one and four of the syllabus of Sebek v. Cleveland Graphite Bronze Co., supra (148 Ohio St., 693), must be overruled. It may be observed that ptomaine poisoning, which was involved in the Sebek case, is caused by germs or microbes.
Plaintiff also apparently argues that, if the pneumonia suffered by decedent and which caused decedent’s death was not an “injury” within the meaning of the Workmen’s Compensation Act, then decedent’s weakened resistance to infection accidently resulted from and was accidently caused by hazards of his employment, it represented “a derangement of the bodily functions of the decedent” and it was therefore an “injury” within the meaning of the Workmen’s Compensation Act.
The testimony of plaintiff’s medical expert would probably be sufficient to support a reasonable conclusion that decedent’s exposure to the hazards of his employment on February 15, 1949, directly caused his weakened resistance to infection from pneumonia, and that such weakened resistance represented a derangement of the bodily functions of decedent which derangement directly caused his pneumonia. As we view it, this ingenious argument is advanced in the hope that it may supply some rational, though obviously a vague and somewhat tenuous, basis for allowance of this claim, which is clearly one for death resulting from disease, as a claim for something else, —that is, as a claim for death resulting from some injury that was not a disease. Although somewhat similar efforts may *309 have been successful in the past (see Kovaliski v. Collins Co., 102 Conn., 6, 128 A., 288; Spicer Mfg. Co. v. Tucker, 127 Ohio St., 421, 188 N. E., 870; Maynard v. B. F. Goodrich Co., supra [144 Ohio St., 22]; Industrial Commission v. Weimer, 124 Ohio St., 50, 176 N. E., 886; Industrial Commission v. Bartholome, supra [128 Ohio St., 13]; Industrial Commission v. Burckard, supra [112 Ohio St., 372]), we see no reasonable basis for considering the claim in the instant case as anything other than what it is, — that is, a claim for death caused by and resulting from pneumonia. In our opinion, a workman’s weakened resistance to infection from pneumonia, even though it may represent a derangement of his bodily functions, cannot be considered an injury within the meaning of the Workmen’s Compensation Act. See Industrial Commission v. Brumm, supra (130 Ohio St., 248, 249), and Renkel v. Industrial Commission, supra (109 Ohio St., 152, 156).
It may well be that, as the plaintiff argues, she should not be required in the instant case to do more than prove that her husband’s death proximately resulted from his exposure to a hazard created by his employment. However, as hereinbefore pointed out, since the plaintiff, who is claiming compensation for her husband’s death, asserts the right of appeal provided for in Section 1465-90, General Code, our statutes (Sections 1465-68 and 1465-82, General Code) require her to establish that the death was caused by a compensable injury other than a disease. It is the function of this court to interpret and apply those statutes and not to revise them.
The judgment of the Court of Appeals is reversed and final judgment is rendered for the Industrial Commission.

Judgment reversed.

Matthias, Stewart and Bell, JJ., concur.
Weygandt, C. J., and Zimmerman, J., concur in the judgment but dissent from the syllabus except as to paragraph one.
Hart, J., concurs in paragraphs one, tivo, three, five and six of the syllabus and a part of paragraph four and concurs in the judgment.

Section 1465-68 (a), General Code (121 Ohio Laws, 661), as in force in 1949, provided in part:
“Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease as herein defined, shall be entitled to * * * compensation * * *.
“The following diseases shall be considered occupational diseases and compensable as such * * *
*300 “Schedule
“Description of disease or injury Description of process
“1. Anthrax Handling of wool, hair, bristles, hides and skins.
“2. Glanders Care of any equine animal suffering from glanders; handling carcass of such animal.
“3. Lead poisoning Any industrial process involving the use of lead or its preparation or compounds.
<i* * *
“23. All other occupational diseases (A disease peculiar to a particular industrial process, trade or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment.)”

See Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. (2d), 266; Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195; Kaiser v. Industrial Commission, 136 Ohio St., 440, 26 N. E. (2d), 449.

See Malone v. Industrial Commission, supra, paragraphs one and two of syllabus; Nelson v. Industrial Commission, 150 Ohio St., 1, 80 N. E. (2d), 430; Toth v. Standard Oil Co., 160 Ohio St., 1, 113 N. E. (2d), 81.

Compare Slanina v. Industrial Commission, 117 Ohio St., 329, 158 N. E., 829, with Industrial Commission v. Hampton, 123 Ohio St., 500, 176 N. E., 74; compare Walborn v. General Fireproofing Co., 147 Ohio St., 507, 72 N. E. (2d), 95, with Kaiser v. Industrial Commission, supra (136 Ohio St., 440); compare Postel v. Industrial Commission, 163 Ohio St., 617, 128 N. E. (2d), 29, and Eggers v. Industrial Commission, 157 Ohio St., 70, 104 N. E. (2d), 681, with Industrial Commission v. Nelson, 127 Ohio St., 41, 186 N. E., 735; compare Walborn v. General Fireproofing Co., supra (147 Ohio St., 507), with Industrial Commission v. Tripsansky, 119 Ohio St., 594, 165 N. E., 297; compare Matczak v. Goodyear Tire & Rubber Co., 139 Ohio St., 181, 38 N. E. (2d), 1021, and cases cited therein, with Maynard v. B. F. Goodrich Co., supra (144 Ohio St., 22).