Taet, J.,
concurring. Most of the previous decisions of and pronouncements of law by this court support paragraph one of the syllabus of the instant case. See also Artis v. Goodyear Tire & Rubber Co., post, 412. However, there is at least one decision of this court which cannot be reconciled with paragraph one of the syllabus in the instant case. See Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195, and paragraph two of the syllabus therein. (See also Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. [2d], 266, and paragraphs three and four of the syllabus therein. But see paragraphs one and two of that syllabus.) It has been suggested that there is no statutory or constitutional basis for a conclusion that, in order to be an “injury” within the meaning of the Workmen’s Compensation Act, “a physical or traumatic damage or harm” must be “accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place’’’ (or, in other words, the result of accidental means), instead of being merely “accidental in character and result.” See Johnson v. Industrial Commission, 164 Ohio St., 297, 306, 130 N. E. (2d), 807; Renkel v. Industrial Commission, 109 Ohio St., 152, 156, 141 N. E., 834. However, there is statutory language which tends to support the pronouncement of law being made in paragraph one of the syllabus of the instant case. See for example Sections 4123.28 (“accident resulting in * * * injury”) and 4123.22 (“accidents leading to injuries for which awards * * * made”), Revised Code. As I view it, to the extent that they are inconsistent therewith Malone v. Industrial Commission, supra, and Maynard v. B. F. Goodrich Co., supra, are being overruled *411 by the decision and paragraph one of the syllabus of the instant case. I believe therefore that some such statement should be made in paragraph one of the syllabus herein to avoid confusing those courts which are required to follow and those lawyers who rely upon the decisions and pronouncements of law made by this court.
Bell, J., concurs in the foregoing concurring opinion.